[No. 22774. Department Two. March 9, 1931.]

THE STATE OF WASHINGTON, *Appellant*, v. DAVID LESTER, *Respondent.*[1]

[1]Reported in 296 Pac. 549.

*Austin M. Wade,* for appellant.

FULLERTON, J.—On April 28, 1930, the prosecuting attorney of Grays Harbor county filed an information in the superior court of that county, charging the respondent, Lester, with the commission of a crime. On the same day, a warrant was issued for his arrest, and was placed in the hands of the sheriff of the county for service. The sheriff, on July 19, 1930, made return to the effect that he had arrested the respondent in Grays Harbor county on the preceding day, and that he then held him in his custody to await the order of the court.

The cause was brought on for hearing before the court on July 23, 1930, at which time the respondent moved to dismiss the information, because he was not brought to trial within sixty days after the information was filed. The trial court granted the motion, and the state appeals.

The statute governing the question involved is found at § 2312, of Remington's Compiled Statutes, and reads as follows:

"If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown."

The trial court gave to the statute a literal interpretation; holding that the filing of the information fixed the time from which the sixty-day period provided by the statute began to run, and that, if a defendant against whom an information was filed was not brought to trial within sixty days after such filing, no

good cause to the contrary being shown, he was entitled to have the information dismissed.

The state's learned counsel takes exception to the court's interpretation of the statute; contending that the sixty-day period fixed by the statute begins to run only from the time the defendant is taken into custody, or has been in some other manner subjected to the orders of the court.

█ In our opinion, the court correctly interpreted the statute. Its language is plain and unequivocal, and will hardly permit of any other interpretation than that given to it by the trial court. The argument that such an interpretation can, in certain instances, amount to a denial of a trial altogether, we cannot concede is well founded. The statute applies to delays on the part of the state only.

If the defendant, by his own act, causes the delay, it is good cause for denying a dismissal. If, for illustration, he conceals himself for the purpose of avoiding arrest, becomes a fugitive from justice, fails to appear after arrest according to the terms of his recognizance or the order of the court, asks for and is granted time in which to plead, moves for and is granted, or consents to, a continuance, or is the active party in the many other acts which delay a trial, he cannot ask for a dismissal of the charge on the statutory ground. Delays of this sort are all good causes for denying a motion. The inquiry is always, was the delay caused wholly by the act of the state, or was it caused wholly by the act of the defendant or by some act to which he consented. In the first of the instances, the defendant is entitled to a dismissal as a matter of right. In the others, he is not.

█ It is true this court has held that the right to dismiss for this cause is waived, if the application is not timely made; and we have held that it is not timely

made, if made after the cause is called for trial, or after the trial has been entered upon. *State v. Seright,* 48 Wash. 307, 93 Pac. 521; *State v. Lorenzy,* 59 Wash. 308, 109 Pac. 1064, Ann. Cas. 1912B 153; *State v. Alexander,* 65 Wash. 488, 118 Pac. 645; *State v. Garland,* 65 Wash. 666, 118 Pac. 907; *State v. Miller,* 72 Wash. 154, 129 Pac. 1110. But the situations presented in these cases are not here present. In the case before us the defendant moved when the first opportunity to do so presented itself, and not to grant it in such a situation would be to annul the statute.

The trial court held that the burden was on the state to show that good cause existed for failing to bring the defendant to trial within the sixty-day period. And here, again, the state's attorney disagrees with the court. He contends that the burden was on the defendant to make the showing. His argument is that it is presumed that public officers perform their duties, and that anyone asserting to the contrary has the burden of showing that the duty was not performed. The presumption undoubtedly obtains where nothing to the contrary appears; that is to say, where there is nothing in the record to show whether or not the officer performed his duty, the presumption is that he did so perform it. *State v. Clay,* 100 Wash. 417, 171 Pac. 241. But the case here presented is the antithesis of this. The record on its face shows that some officer failed in the performance of his duty. It being a failure which can be excused only for good cause, obviously it seems to us the burden of showing such good cause is on the party apparently guilty of the failure.

The trial court did not deny to the state the right to show good cause for the failure to bring the defendant to trial within the period of sixty days after the information was filed, but, on the contrary, permitted the state to make, and the state attempted to

make, such a showing. The court held, however, that the showing made was insufficient, and whether it was so or not, is the final question involved. The state's showing was indeed meager. A deputy from the sheriff's office was called, and, pertaining to the inquiry here involved, gave the following testimony:

"Q. Did you receive a warrant for the arrest of one David Lester, on or about the 28th day of April, 1930? A. The sheriff's office received such a warrant, yes. Q. When? A. I have not the original warrant with me, but I presume on the 28th,—on the day it was issued. I have a copy of the warrant, but not the original. Q. After receiving that warrant, Mr. McIntosh, what did the sheriff's office do towards apprehending this defendant? A. I believe that Deputy Cobain collected the information that the defendant was presumed to be in Pierce county and I wrote a letter to the sheriff's office of Pierce county, sending the sheriff a copy of the warrant, dated April 29th. Q. That was immediately after receiving the warrant? A. The following day, or the same day, one or the other. Q. Did you receive any communication from the sheriff in Pierce county? A. Received no reply from the sheriff in Pierce county at all and on July 17th, I wrote a second letter, just before the apprehension of the defendant. Q. Then when, Mr. McIntosh, was this defendant arrested? A. I cannot give you the date of the arrest, a few days ago."

We agree with the trial court in its holding that this was not a showing of good cause for the delay in making the arrest. It was incumbent upon the sheriff to make a reasonable effort to apprehend the defendant within the statutory period, and here it can hardly be said there was any such effort at all. The sheriff's office force seem to have believed that the defendant had departed from the county of Grays Harbor, and acted on the belief without making any search for him within that county, yet, as the sheriff's return shows, he was later found and arrested therein. There being

no showing that the defendant fled from justice, concealed himself, or committed any act to avoid arrest, it cannot be said that the trial of the cause was delayed by any act of his own, and, if the statute is to be given effect as written, there was no error committed in dismissing the information.

The judgment is affirmed.

BEALS, MILLARD, and BEELER, JJ., concur.

TOLMAN, C. J., dissents.

