STATE OF NEBRASKA, APPELLEE, v. ALVARO ALVAREZ,
APPELLANT.
202 N. W. 2d 604

Filed November 24, 1972. No. 38444.

282

C. F. Fitzke and James T. Hansen, for appellant.

Clarence A. H. Meyer, Attorney General, Warren D. Lichty, Jr., and Robert G. Avey, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

The defendant was charged with the unlawful sale of hashish, a form of cannabis or marijuana. On December 6, 1971, he was tried before a jury which returned a verdict of guilty. The court imposed a sentence of 1 to 2 years in the Nebraska Penal and Correctional Complex. He then perfected his appeal to this court.

He makes the following assignments of error: (1) The court erred in denying his motion for absolute discharge because of the failure of the State to bring him to trial within the time provided by sections 29-1205 to 29-1209, R. S. Supp., 1971, which became effective April 30, 1971; (2) the court erred in denying his motion for a directed verdict because the verdict is not sustained by sufficient evidence; and (3) the court erred in overruling objections to alleged hearsay evidence. This last assignment, however, is not discussed in the briefs and we therefore disregard it. Revised Rules of the Supreme Court, Rule 8a 2(3).

We have carefully reviewed the evidence and find the assignment as to the sufficiency of the evidence is not well taken. The record clearly and without contradiction supports a finding that the defendant actually solicited the sale of hashish to two undercover agents and was present when the sale was accomplished by the defendant's associate and accomplice, one Wagner, by the delivery of the hashish to the agents by Wagner and the receipt by him of the agreed price. The defendant did not introduce any evidence in his own behalf. Expert testimony by the State established the nature of the substance sold. It is only where there is a total failure of proof to establish a material allegation of the information, or the testimony is of so weak or doubtful of character that a conviction based thereon cannot be sustained, that the trial court is justified in directing a verdict for the defendant. State v. Knecht, 181 Neb. 149, 147 N. W. 2d 167.

We now turn to the matter of the motion for absolute discharge. In 1971 the Legislature enacted L.B. 436, sections 29-1205 to 29-1209, R. S. Supp., 1971. Section 29-1207, R. S. Supp., 1971, states in part: "Every person indicted or informed against for any offense shall be brought to trial within six months . . .." It then goes on to provide that the 6-month period shall begin to run from the date of indictment or filing of the information and in the case of indictments or informations pending on April 30, 1971, the period begins to run from April 30, 1971. Section 29-1208, R. S. Supp., 1971, provides that: "If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he shall be entitled to his absolute discharge from the offense charged . . .."

Section 29-1207, R. S. Supp., 1971, in subsection (4) (a) through (f), also provides that certain periods shall be excluded in the computations. The only possible applicable subsection under the evidence in this case is subsection (4) (f) which reads: "Other periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause."

The complaint against the defendant was filed in the county court of Scotts Bluff County in January 1971. Thereafter he was accorded a preliminary hearing, released on bail, and bound over to the district court. The information was filed on March 25, 1971. As we have already noted, the defendant was not brought to trial until December 6, 1971. Since the information against the defendant was filed prior to April 30, 1971, the 6-month period began to run on April 30, 1971, and except for any excluded periods, expired the last day of October 1971. The defendant was therefore under the terms of the statute entitled to his absolute discharge unless one of the statutory periods of extension is applicable, or unless he has waived his right to discharge. This has been the uniform holding of this court under statutory provisions which the ones here involved re-

place. Critser v. State, 87 Neb. 727, 127 N. W. 1073; State v. Bruns, 181 Neb. 67, 146 N. W. 2d 786; State v. Fromkin, 174 Neb. 849, 120 N. W. 2d 25.

After the filing of the information on March 25, 1971, there was no further activity in the defendant's case by either the State or the defense until July 29, 1971, when the county attorney filed a motion for appearance of the defendant, which motion also included the following: ". . . that this case be given preference over civil cases presently pending in this Court in order to effectuate the right of the defendant to a speedy trial." The court then entered an order for the defendant to appear on August 5, 1971. He appeared at that time with counsel, was arraigned on the information, stood mute, and a plea of not guilty was entered for him. The court thereupon "ordered the trial of said cause set for hearing before a jury on the 6th day of December 1971, . . . this being the earliest available date that the Court had for trial thereof."

On September 1, 1971, the State filed a motion to consolidate the trial of the defendant with that of Wagner. The matter was heard on November 4, 1971, at which time the defendant was represented by counsel, and the court ordered the consolidation of the two trials.

The record in this case is completely silent as to what, if anything, occurred between the court, defendant, and his counsel at the time the order setting the trial date was entered and at the time the order for consolidation was entered.

On November 10, 1971, the defendant filed his motion for discharge under the terms of the statutes. The court set the motion for hearing and on November 19 and 26, 1971, the hearing was held before the court, at which both the State and the defendant presented evidence.

This evidence related generally to the business of the district court for Scotts Bluff County from May 2, 1971, to the date of hearing, the state of the docket, and

the future business of the court to the time of the scheduled trials. Following the hearing the court entered an order overruling the motion for discharge, which order included the following findings: "The Court being duly advised in the premises finds that good cause has been shown and defendant's motion should be overruled."

The determination of the defendant's claimed right to discharge under the provisions of the statute depends upon an analysis of the statute and its purposes, all as related to the evidence in this case insofar as it pertains to the cause of the failure to bring the defendant to trial within 6 months from the date of April 30, 1971. We will first analyze the statute and then later, as may be necessary, summarize the pertinent evidence.

The statute concerns itself with two things: (a) The right of the accused to a speedy trial, and (b) the promotion of the interest of the public in the prompt disposition of criminal cases. It then directs that "insofar as practicable," (1) the trial of criminal cases shall be given preference over civil cases, and (2) the trial of defendants in custody and those whose pretrial liberty presents unusual risks shall be given preference over other criminal trials. § 29-1205, R. S. Supp., 1971.

Section 29-1206, R. S. Supp., 1971, provides that applications for continuance must be made in accordance with section 25-1148, R. R. S. 1943, "but in criminal cases in the district court the court shall grant a continuance only upon a showing of good cause and only for so long as is necessary." In making such determinations the court is to consider "request or consent of the prosecution or defense," and the "public interest in prompt disposition of the case."

The provisions of the statute for the extension of the 6-month period by reason of the excluded periods where they are applicable necessarily renders mathematically inexact the computation of the period within which the accused must be brought to trial. The Legis-

lature recognized that in some of the district court districts, at least, the imposition of a flat 6-month limitation on the time in which the accused must be brought to trial would not work. The statutory language also seems to recognize that the periods of permissible delay could not be exactly determined. In section 29-1205, R. S. Supp., 1971, where preference is accorded criminal over civil trials and certain criminal trials over others, the term "insofar as practicable" is used. Section 29-1206, R. S. Supp., 1971, in connection with continuances, uses the term "for so long as is necessary," and recites some of the things to be taken into consideration. An examination of the criteria for excluded periods in subsection (4)(a) to (f), of section 29-1207, R. S. Supp., 1971, indicates that none can be determined with exactitude and that the determination of such things as "delay resulting from other proceedings concerning the defendant," "due diligence," "reasonable grounds," "exceptional circumstances," "period of delay resulting from," "reasonable period of delay," and "good cause," will necessarily depend upon the facts in each case when it is claimed that some one or more of the excluded periods is applicable.

It seems to us that the real questions in this case center on the following: (1) What effect is to be given the trial court's general finding of "good cause" for the delayed trial date? (2) Does the record support the finding of the trial court that "good cause" was shown? (3) Where 6 months have elapsed before trial from the date of filing the information and the defendant moves for discharge, who has the burden of proceeding to prove that some one or more of the periods of exclusion provided for by statute are applicable? If a burden of proof exists, on whom does it rest? (4) When the trial court sets a trial date which is more than 6 months after the filing of the information, must the defendant immediately take exception thereto, or may he wait for the 6-month period to elapse and then

file a motion for discharge? If, as here, the record is silent on whether there was any objection or demand for an immediate trial, what presumptions, if any, apply?

The record reflects that in the calendar year 1970, 142 criminal cases and 413 civil cases were filed in the district court for Scotts Bluff County. During the same year, 130 criminal cases and 338 civil cases were disposed of. In the 6-month period from May 1, 1971, to November 2, 1971, a total of 301 cases were filed in the district court and, of these, exhibit 20 indicates that 57 were criminal cases. There is no direct evidence as to the number of cases in either category disposed of dur-thing this 6-month period.

The record also shows with reasonable accuracy the number of days which were actually utilized for trials during the 6-month period in question. It appears that approximately 40 days were occupied by trials either to the court or jury. Of these days, 15 appear to have been occupied by criminal trials. The record further discloses that, excluding Saturdays, Sundays, and holidays, there was substantial court activity occupying the judge on every court day except three separate short periods. During one of these periods the judge was in attendance at a meeting of district judges, during another in attendance at a bar association convention, and the other constituted a 4-day vacation. During a separate period of 12 days no court reporter was available to the judge.

The evidence indicates that on each of the days, other than time involved in actual trial, on which the judge was present he was engaged in court activity. On those days he attended to approximately 300 matters such as pretrial, conferences, various hearings pertaining to divorce cases, arraignments, probation revocation hearings, arguments on motions, lump sum settlements, and other matters. Admittedly the record does not show the time actually consumed in connection with these items. However, the clerk of the district court was

asked in subpoena compelling her testimony to "complete the ones that I thought took the better part of a day." On cross-examination of this witness it was brought out that her summaries were incomplete and other items numbering at least 50 were omitted. Based upon this evidence it is not possible for us to say that the court's implicit finding that the delay was occasioned by docket congestion is not supported by the evidence.

Did the Legislature intend to include docket congestion in excusable delays and so exclude periods attributable thereto from the statutory 6 months? We think that it did, provided the court found "good cause."

The Nebraska statutes are substantially similar to Standards 2.2 and 2.3 of the Standards Relating to Speedy Trial, recommended by the American Bar Association Project on Minimum Standards for Criminal Justice, Approved Draft, 1968. The commentary with reference thereto rejects "court congestion" as one of the *specific* excuses for delay, stating: "If congestion excuses *long delays,* there is lacking sufficient inducement for the state to remedy congestion." (Emphasis supplied.) It recognizes, however, that there is a split of authority among the courts on the question of whether court congestion constitutes good cause under statutes providing for discharge of the defendant for failure to comply with statutory provisions of speedy trial. See 57 Columbia L. Rev. 846, 857 to 859. This court, however, is not prepared to say that court congestion may not sometimes constitute "good cause."

What we have said is particularly true because situations may exist in which, because of an overload of litigation, two different provisions of the Nebraska Constitution may be brought into competition. Article I, section 11, names the constitutional rights of the accused and this includes the right to "a speedy public trial." Article I, section 13, pertains to civil actions and provides that every person "shall have a remedy by due

course of law, and justice administered *without denial or delay."* (Emphasis supplied.) The language of the statutes in question, giving preference to trial of criminal cases "insofar as practicable" and the undefined provision re "good cause," are deemed to be at least partially in recognition of these constitutional provisions and the actual congestion which may exist. See State v. Kuhnhausen, 201 Ore. 478, 272 P. 2d 225.

Our Legislature has not been unmindful of the problems confronting the courts in some areas of the State. In the very legislative session following that at which L.B. 436 was enacted the Legislature increased substantially the number of district judges in the state and revised the districts themselves to help equalize the workload. The district court for Scotts Bluff County was formerly a one-judge court. It is now a two-judge district. Delays attributable to regular court congestion are no longer to be anticipated and that district and others will now no doubt be able to fully implement the statutory provisions giving preference to criminal trials.

Most delays in civil cases are attributable to the parties themselves. More often than not the defendant in a criminal case is not anxious for a speedy trial. The Legislature has recognized by enactment of the statutes in question the social desirability for a variety of reasons of bringing the accused to trial at an early date. The mandate of the statute must therefore be followed and such things as improper or inefficient docket management, scheduling of trials, or failure to use available procedures such as obtaining an available judge from another district cannot be deemed "good cause." See, 57 Columbia L. Rev. 846, 858; State v. Kuhn, 154 Ind. 450, 57 N. E. 106; Ex parte Vacca, 125 Cal. App. 2d 751, 271 P. 2d 162; People v. Echols, 125 Cal. App. 2d 810, 271 P. 2d 595; State ex rel. James v. Superior Court, 32 Wash. 2d 451, 202 P. 2d 250; People v. Vasalo, 120 Cal. 168, 52 P. 305; Martens v. Gaffney, 230 Iowa 712,

298 N. W. 801; McDonald v. Hudspeth, 113 F. 2d 984.

We also wish to point out that the implementation by the Legislature of the Nebraska constitutional provisions on speedy trial by virtue of sections 29-1205 to 29-1209, R. S. Supp., 1971, is not a definition of the rights of the accused under similar federal constitutional provisions. A state may adopt more stringent provisions than the United States Constitution demands. Barker v. Wingo, 407 U. S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101, (June 22, 1972). There is no suggestion by the defendant that under the facts of this case the federal constitutional provisions for speedy trial have been violated. Nor could any such valid contention be made. Barker v. Wingo, *supra*.

We hold as follows: The primary burden is upon the State, that is, the prosecutor and the court, to bring the accused person to trial within the time provided by law. Barker v. Wingo, *supra;* United States v. Mann, 291 F. Supp. 268. If a defendant is not brought to trial within the time provided for and as determined by valid statutory standards, he is, in the absence of an express waiver or a waiver as provided by statute, entitled to his absolute discharge from the offense alleged in the indictment or information as well as for any other offense coming within the term "required by law to be joined with that offense." § 29-1208, R. S. Supp., 1971; State v. Fromkin, *supra;* State v. Bruns, *supra;* Critser v. State, *supra*.

The State contends that failure of the defendant to object at the time the court entered its order setting the trial at a date after the 6-month period constitutes a waiver of his rights under the statute. This position is not tenable in light of Barker v. Wingo, *supra*. A failure by a defendant to demand a trial within the time he is required to be brought to trial as provided by sections 29-1205 to 29-1209, R. S. Supp., 1971, or to object at the time trial date is set does not constitute a waiver of his rights under either the statutes or the

Constitution of Nebraska, but is a factor which, while not constituting good cause by itself, may be considered along with other circumstances in determining whether there was "good cause" for a delay in trial under the provisions of section 29-1207(4) (f), R. S. Supp., 1971. Barker v. Wingo, *supra*. Previous holdings of this court that failure of the accused to demand trial constitutes a waiver of the statutory right are overruled on the basis of the rules laid down by the Supreme Court of the United States in Barker v. Wingo, *supra*.

We also hold that where a defendant who has been charged in an indictment or information is not brought to trial within 6 months from the date of the return of the indictment or the filing of the information and before trial or entry of a plea of guilty or nolo contendere moves for his absolute discharge, the burden is upon the State to prove by a substantial preponderance of the evidence that one or more of the excluded periods provided for by section 29-1207(4) (a) through (f), R. S. Supp., 1971, is applicable. 57 Columbia L. Rev. 855; Von Feldstein v. State, 17 Ariz. 245, 150 P. 235; People v. Prosser, 309 N. Y. 353, 130 N. E. 2d 891; State v. Lester, 161 Wash. 227, 296 P. 549.

This court cannot renounce its constitutional function of reviewing rulings of the trial court on applications for discharge under the statutory and constitutional provisions. In order to facilitate that review we hold that from and after 7 days after the filing of this opinion, a general finding of a trial court that "good cause" has existed under the provisions of section 29-1207(4) (f), R. S. Supp., 1971, for extending beyond 6 months from the filing of the information the period for bringing the defendant to trial will no longer suffice, and the trial court will from that time on be required to make specific findings as to the cause or causes of such extensions and the period of extension attributable to such causes. The substantial preponderance of the evidence must support such findings.

This is one of the first cases to reach this court involving sections 29-1205 to 29-1209, R. S. Supp., 1971. Those statutes implemented in detail the state constitutional right to a speedy trial. We now deem it advisable to recommend the following for procedural uniformity.

When the district court sets a date for trial, which date is later than the statutory time allowed by section 29-1207, R. S. Supp., 1971, the court shall:

(1) Advise the defendant of his statutory right to a speedy trial and the effect of his consent to a period of delay, and

(2) Ascertain of record whether the defendant does or does not waive his right to a speedy trial and consent to the trial date set.

AFFIRMED.

McCown, J., dissenting

The majority opinion here quite properly imposes upon the State the primary burden of bringing an accused to trial within the statutory time limits set by the Legislature. It also quite properly establishes procedural rules which will assist greatly in determining the factual bases for periods of delay.

I must respectfully differ, however, with the holding that a failure by a defendant to demand a speedy trial may be considered in determining whether there was "good cause" for a delay in bringing an accused to trial. I must also disagree with the finding that the record here establishes "good cause" for any delay.

It can scarcely be doubted that the basic burden of bringing cases to trial is on the prosecution and that the responsibility is also on the State to show a waiver of the right to a speedy trial. To hold that affirmative action by an accused is necessary to protect a constitutional right rather than to waive it emasculates the right just as effectively as to hold that silence or inaction imply a waiver. Both misallocate the burden of proof as well as the burden of insuring a speedy trial. The mere silence of an accused cannot and should not

be treated as "good cause" which excuses the State from compliance with the clear command of the statutes. The defendant certainly has no burden to bring himself to trial. Unless a defendant has affirmatively contributed to the delay,. his silence or inaction ought not to diminish the responsibility of the prosecution to bring him to trial within the statutory time.

The remaining issue is whether or not the activity in the district court during the statutory period constituted "good cause" for delaying the defendant's trial beyond the maximum statutory period. The trial here was held approximately a year after the offense was committed and approximately 11 months after the defendant was arrested. There is simply no explanation or excuse in the record for the failure to arraign this defendant for more than 4 months after the information was filed and for more than 3 months after the statutes became effective. The majority opinion ignores the crucial fact that no evidence even remotely establishes "good cause" for this delay. The record also shows with reasonable accuracy the number of days which were actually utilized for trials during the 6-month statutory period. Approximately 40 days of that period were actually occupied by trials, either to the court or to a jury. Only 15 of those days were actually utilized for criminal trials, either to a jury or to the court. During the 6-month period involved, civil cases were tried to juries both before and after August 5th. Although the district court stated on August 5th that the earliest possible date for trial in this case would be in December, nevertheless, the county attorney himself tried a civil case in the same district court in October before the statutory period in this criminal case had expired.

The evidence in this record establishes that the trial of criminal cases was not given preference over civil cases and that there was trial time available if the State had made reasonable efforts to follow the command of

the statutes. There is no evidence of any effort to obtain the assistance of another district judge. Excessive governmental delay is unjustifiable whether it is intentional or negligent. It is quite obvious that it might have been reasonably avoided here.

The Legislature implemented the constitutional right to a speedy trial and imposed specific requirements to protect the interests of the public as well as the accused in the prompt disposition of criminal cases. The statutes do not permit the extension of the statutory time for trial to meet the convenience of courts or prosecutors. The time may be extended for any of the specific reasons set out in the statute or for reasons not specifically enumerated, but only if those reasons constitute "good cause."

The record wholly fails to establish "good cause" for the delay here. In the words of Mr. Justice White in his concurring opinion in Barker v. Wingo, 407 U. S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101: "(U)nreasonable delay in run-of-the-mill criminal cases cannot be justified by simply asserting that the public resources provided by the State's criminal justice system are limited and that each case must await its turn. As the court points out, this approach also subverts the State's own goals in seeking to enforce its criminal laws."

The conviction and sentence of the defendant here should have been vacated in accordance with the legislative command.

SMITH, J., joins in this dissent.

BOSLAUGH, J., dissenting.

I agree with Judge McCown that the record in this case does not support the trial court's finding of good cause for the delay in bringing the defendant to trial.

The defendant's statutory right to be discharged if not tried within 6 months from the time the information was filed is separate from and in addition to his constitutional right to a speedy public trial. These rights

in fact are quite different and exist independently of each other.

A determinaton as to whether the constitutional right has been violated involves the balancing of a number of considerations. Among these are the extent of the delay, the reason for the delay, the prejudice if any to the defendant, and whether a speedy trial was requested. The essential factors are discussed in Barker v. Wingo, 407 U. S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101.

The statutory right to discharge under section 29-1207, R. S. Supp., 1971, depends upon the expiration of the 6-month period plus any time excluded as provided in the statute. In this respect the operation of the statute is similar to a statute of limitations. Unlike the constitutional right, there may be no balancing of considerations involved. If there are no periods of time to be excluded, the operation of the statute is automatic. A determination as to whether certain periods of time should be excluded may involve the exercise of judicial discretion.

In addition to the rule of practice "recommended" in the majority opinion, I would suggest that at any hearing on a motion for discharge under section 29-1208, R. S. Supp., 1971, the trial court should make specific findings on the record as to the reasons for and length in days of any period of delay which is to be excluded in computing the statutory time for trial.