STATE OF NEBRASKA, APPELLEE, V. BRIAN T. BROWN,
APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. DONALD SMITH,
APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. THOMAS NEAL SKINNER,
APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. JAMES H. MAI,
APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. JAMES H. MAI,
APPELLANT.
202 N. W. 2d 585

Filed November 24, 1972.   Nos. 38448, 38498, 38572, 38573, 38574.

Van Steenberg, Winner & Brower and Robert P. Chaloupka, for appellants.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

In these cases, the defendants were convicted of offenses involving the possession or sale of prohibited substances.   Each defendant appealed and the cases were consolidated on appeal.   The sole issue in all cases involves the right of the defendants to a speedy trial under the provisions of sections 29-1205 to 29-1209, R. S. Supp., 1971.   Those sections provide that if a defendant is not brought to trial within the time provided therein he is entitled to his absolute discharge.

The offenses charged against the respective defendants were committed on various dates from November 28, 1970, to December 14, 1970.   Complaints in the county

court were filed on or about January 18, 1971, and the defendants were arrested shortly thereafter and were released on bond within a few days. Preliminary hearings were held in the first week of February 1971, and the defendants were each bound over to the district court on February 24, 1971. Informations were filed in the district court against the respective defendants on various dates from March 15, 1971, to March 30, 1971. On July 29, 1971, the State requested and the court ordered the defendants to appear on August 5, 1971, for arraignment.

The defendants all appeared for arraignment on August 5, 1971, and pleaded not guilty. Each of the defendants requested "a speedy trial" or "the earliest trial date possible." In one instance the county attorney requested "the earliest possible trial date" and in another he joined in the defendant's motion demanding "a speedy trial." The trial court either specifically stated or clearly implied that the earliest possible trial date in each case was the date set. In four of the cases the journal entry recites that the trial date set was the earliest available date for the trial. The court set the cases for trial on various dates ranging from December 1 to December 29, 1971. There were no specific objections made by any of the defendants to the trial dates set, nor did any of the defendants make any statement withdrawing or modifying the request for a speedy trial. In one case the court stated that the "earliest possible date would be December 29, which is very close to Christmas. By and with the consent of the defendant, it will be set over until early in 1972." The defendant's counsel replied: "Let the record reflect that the defendant has no objection going along with the court's preferences as to a trial date set in early 1972, however, we would not waive any rights as to objections to a speedy trial by going along with that preference."

In November 1971, all the defendants filed motions for an order granting an absolute discharge from the

offense charged, pursuant to section 29-1208, R. S. Supp., 1971. Hearing was held and by stipulation the evidence introduced was made a part of the bill of exceptions in all the cases involved here. The evidence offered and received is that set forth in detail in State v. Alvarez, No. 38444, *ante* p. 281, 202 N. W. 2d 604.

On November 26, 1971, the court found that "good cause has been shown" for the delay and overruled defendants' motions for absolute discharge. Thereafter, the defendants stood trial, were found guilty, and were sentenced or placed on probation, and these appeals followed. The cases were briefed and argued together in this court. The sole issue is whether the defendants were entitled to discharge because of failure of the State to bring them to trial within 6 months from April 30, 1971. This issue is determined by what was said in State v. Alvarez, No. 38444, *supra*, which has been filed this same day.

AFFIRMED.

McCOWN, J., dissents.

I dissent. My reasons are set out in the dissent in State v. Alvarez, No. 38444, *ante* p. 281, 202 N. W. 2d 604.

The defendants here made affirmative reasonable efforts to obtain a speedy trial under the statute, and the reasons for enforcing the statute are even more compelling.

BOSLAUGH and SMITH, JJ., join in this dissent.