STATE OF NEBRASKA, APPELLEE, V. DONALD SMITH, APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. JAMES H. MAI, APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. JAMES H. MAI, APPELLANT.
211 N. W. 2d 415

Filed October 12, 1973. Nos. 38987, 38988, 38989.

Van Steenberg, Brower & Chaloupka, for appellants.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

The question is the authority of the District Court in a criminal prosecution to resentence a defendant after appeal to this court and affirmance of the judgment. The District Court denied motions of defendants for redetermination of their sentences, and defendants appeal.

We affirmed the judgments in these three cases in State v. Brown, 189 Neb. 297, 202 N. W. 2d 585 (1972). Our mandates, dated December 14, 1972, were filed with the clerk of the District Court on December 18, 1972. On the latter date each defendant moved the District Court to redetermine his sentence for two reasons: (1) The lapse of 2 years between conviction and affirmance, and (2) a sufficient change in the circumstances of the defendant to warrant the redetermination. No motions set out any detail or any other ground for relief. The motions were overruled.

This court having affirmed a judgment against a defendant in a criminal prosecution, it is not error for the District Court to overrule a motion that simply requests a redetermination of the sentence in the judgment on these grounds alone: (1) A lapse of time between conviction and affirmance, and (2) a sufficient change in the circumstances of the defendant to warrant the redetermination. Cf. State v. Keyser, *ante* p. 445, 209 N. W. 2d 187 (1973); State v. Carpenter, 186 Neb. 605, 185 N. W. 2d 663 (1971); Housand v. Sigler, 186 Neb. 414, 183 N. W. 2d 493 (1971).

The judgments are affirmed.

AFFIRMED.