STATE OF NEBRASKA, APPELLEE, V. CLARENCE HANKINS, APPELLANT.

262 N. W. 2d 197

Filed February 8, 1978. No. 41526.

Gerald B. Buechler, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

PER CURIAM.

The defendant was convicted of obtaining money under false pretenses and sentenced to imprisonment for 18 months to 3 years. The defendant, in this appeal, contends the evidence was not sufficient to support the judgment and that his motion to dismiss under section 29-1208, R. R. S. 1943, should have been sustained.

The offense arose out of a loan transaction with the Grand Island Finance Company on November 18, 1974. On that date the defendant and Larry Brand, who were then residents of Lincoln County, Nebraska, borrowed $2,974.96 from the finance company. As security the defendant and Brand pledged a 1955 White tractor and a 1973 Chevrolet pickup truck. The pickup truck was the principal security for the loan. When the pickup truck was repossessed in April of 1975, the finance company discovered that the truck described in the security agreement had been wrecked and that the defendant and Brand had exhibited a similar but different truck to the president of the finance company on November 18, 1974.

The defendant claimed that the truck listed in the security agreement had been repaired before it was shown to the finance company, and then wrecked a second time, and denied that a different truck had been used to obtain the loan. The evidence of the State, although partly circumstantial, was substantial and was sufficient to sustain a finding of guilty beyond a reasonable doubt.

The original complaint was filed in the county court of Hall County, Nebraska, on February 7, 1975. A warrant was issued and the defendant was brought before the court on February 14, 1975. A preliminary hearing was held on May 29, 1975, and the defendant was bound over to the District Court.

An information was filed in the District Court on May 30, 1975. An unsuccessful effort was made to

serve the information on the defendant in Buffalo County, and in Sherman County. A second information was filed on June 26, 1975, which was served on David T. Schroeder, the defendant's attorney, on July 1, 1975.

On 'August 8, 1975, the defendant's bond was forfeited and a bench warrant issued which was returned November 19, 1976. The defendant was arrested in Wyoming in October 1976, and returned to Nebraska by extradition in November 1976. He appeared in the District Court on November 23, 1976.

The motion to dismiss was filed on March 28, 1977. The motion was overruled on April 4, 1977, and the case set for trial on April 13, 1977.

Section 29-1207, R. R. S. 1943, provides that every person informed against for any offense shall be brought to trial within 6 months from the date the information is filed. Excluded from the computation is any period of delay resulting from the absence or unavailability of the defendant or other periods of delay which the court finds are for good cause.

Under section 29-1208, R. R. S. 1943, the defendant is entitled to an absolute discharge if not brought to trial within the 6-month period as extended by excluded periods.

The procedure to be followed upon a motion to discharge was considered in State v. Alvarez, 189 Neb. 281, 202 N. W. 2d 604. In that case we said that the primary burden is upon the State to bring an accused person to trial within the time provided by law. Upon a motion for discharge, the burden is upon the State to prove by a substantial preponderance of the evidence that one or more of the excluded periods is applicable, if the trial is not commenced within 6 months after the filing of the information.

In the Alvarez case we further stated that the trial court is required to make specific findings as to the

cause of any extension and the period of extension attributable to such cause.

The original information was filed in this case on May 30, 1975. The trial did not commence until April 13, 1977, approximately 22½ months later.

The defendant was in custody under the bench warrant from November 19, 1976, until the trial commenced, April 13, 1977, a period of 4 months and 24 days. In order to comply with the statute, the State would have had to prove that all but 1 month and 6 or 7 days of the period from May 30, 1975, to November 19, 1976, was excludable. The State failed to prove that 16½ months of the time that elapsed between May 30, 1975, and April 13, 1977, was excludable under section 29-1207, R. R. S. 1943, and the trial court did not make specific findings as to the cause of the delay in accordance with the rule announced in the Alvarez case.

At the hearing on the motion to dismiss, the defendant testified that prior to August 1975, he was in Lincoln County, Nebraska. On or about August 12 or 15, 1975, he went to Iowa where he had a job driving a truck in Nebraska, Iowa, Colorado, and Wyoming. In January of 1976 he went to Wyoming. He further testified that between the time he was released from jail in Grand Island, which apparently was March 13, 1975, until about the middle of July he was in weekly contact with his lawyer Schroeder. He also testified that Schroeder did not tell him that he was required to appear in District Court in Hall County on August 8, 1975; that his bond had been revoked on that date; or that Schroeder intended to withdraw his appearance.

There is no evidence which would sustain a finding that the period from May 30, 1975, to July 15, 1975, should be excluded even if it be assumed that the defendant was absent from the state and unavailable for trial from July 15, 1975, to November 19, 1976.

There was evidence that the president of the

Grand Island Finance Company was out of the state from around January 10, 1977, to April 10, 1977. However, the case was never set for trial at any time prior to April 13, 1977, and there was never a motion for a continuance with a showing as to the unavailability of this witness or a showing as to why the case could not have been tried prior to January 10, 1977.

The record does not support the ruling on the motion to dismiss. The cause is, therefore, remanded to the District Court with directions to hold a new hearing on the defendant's motion to dismiss in accordance with the procedure set out in State v. Alvarez, *supra*. In the event the District Court finds the defendant was brought to trial within the 6-month period, as extended by excluded periods, as prescribed by section 29-1207, R. R. S. 1943, the judgment shall stand affirmed. In the event the District Court finds the defendant was not brought to trial within the period prescribed by law, the judgment shall be vacated and the defendant be discharged.

REMANDED WITH DIRECTIONS.

SPENCER, J., dissenting.

I respectfully dissent from the Per Curiam opinion herein. From May 30, 1975, defendant could not be found for the service of the information, which was subsequently served on his attorney. His appearance bond was forfeited August 8, 1975, and a bench warrant issued. Defendant was extradited from Wyoming in November 1976.

For the purposes of this appeal he was a fugitive during that entire period. The opinion ignores this period of time and states that the burden was on the prosecutor to prove that all but 1 month and 6 or 7 days of that period was excluded.

While I do not condone the delay of 4 months in bringing the defendant to trial, I would sustain the decision of the District Judge and affirm the conviction herein.