## STATE OF NEBRASKA, APPELLEE, V. KENNETH KINSTLER, APPELLANT.

299 N.W.2d 182

Filed December 1, 1980.   No. 43233.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein for appellant.

Paul L. Douglas, Attorney General, and G. Roderic Anderson for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and BURKHARD, District Judge.

KRIVOSHA, C.J.

The appellant, Kenneth Kinstler, appeals from a conviction following a bench trial on November 28, 1979, he was sentenced to a term of 2 years' probation. of police reports in lieu of testimony, the appellant was found guilty of kidnapping. On December 27, 1979, he was sentenced to a term of 2 years' probation. Appellant maintains that the trial court erred in overruling appellant's earlier motion for discharge based upon the State's failure to grant him a trial

within 6 months, as required by Neb. Rev. Stat. § 29-1207 (Reissue 1979). Our examination of the record and the law applicable thereto leads to the inescapable conclusion that the appellant's contention is correct and, accordingly, we must reverse the action of the trial court and order the appellant discharged.

All of the facts in this case are without dispute. They point up, however, what it was that concerned this court when we decided the case of *State v. Shaw*, 202 Neb. 766, 277 N.W.2d 106 (1979).

The undisputed facts disclose that on March 7, *1973*, a female student at the University of Nebraska at Omaha, having finished her class at approximately 6:40 p.m. of that day, was walking to her car in the student parking lot behind the administration building. She opened the car door, got in, and when attempting to close the door, was prevented from doing so by the appellant who told her that he had just committed a robbery and needed to meet a friend in Waterloo, Nebraska. He forced himself into the car by displaying a small gun and threatened her that if she caused a fuss she might get hurt. He forced her to drive to Waterloo where she was told to pull off the road beside the Elkhorn River where they waited for approximately an hour. At approximately 8:30 p.m., appellant tied her hands behind her back with a nylon stocking and tried to tie another around her mouth to gag her. At this time, appellant stated he needed a drink and took the student to a nearby bar where he threatened to do something to hurt her if she left the car when he went inside. When he left, the woman left the car and ran to a nearby home where police were called. Appellant was thereafter arrested and, after being advised of his rights and waiving them, admitted to the police the commission of the crime.

Appellant was charged on March 23, 1973, with kidnapping and the use of a firearm to which the ap-

pellant entered formal charges of not guilty. Following entry of his not guilty pleas, his then counsel determined that appellant may be a treatable sexual sociopath pursuant to then existing Neb. Rev. Stat. § 29-2901 (Reissue 1975). On August 29, 1973, after examination, appellant was determined to be a treatable sexual sociopath; the criminal proceedings were indefinitely postponed; and the appellant was committed to the Lincoln Regional Center where he was on March 27, *1979*, the date upon which this court filed its opinion in *State v. Shaw, supra.* In the *Shaw* case, we held that the provisions of the Nebraska sexual sociopath legislation permitting the imposition of a criminal sentence to be deferred indefinitely, and in some cases, for many years, until a defendant's ultimate release from commitment, denied such defendant a final sentence and judgment from which he might appeal and thereby violated principles of due process and equal protection. We therefore held in *State v. Shaw, supra* at 771, 277 N.W.2d at 110, that "pursuant to section 29-2902, R. R. S. 1943, criminal proceedings in a case in which there is probable cause to believe that defendant is a sexual sociopath may be adjourned and the sentence suspended until proceedings pursuant to the sexual sociopath law have been completed. Upon completion of those proceedings, at the earliest possible time thereafter, defendant shall be returned to the District Court wherein he was convicted. At that time an appropriate sentence on the criminal charge shall be imposed." We concluded the opinion in *State v. Shaw, supra* at 772, 277 N.W.2d at 111, by ordering that, "All persons presently in custody as sexual sociopaths, who have not been sentenced for the sexual assaults which led to their being declared a sexual sociopath, should be returned to the district in which they were convicted for the purpose of sentencing on the criminal charge."

On April 30, 1979, Jack M. Cleavenger, then acting director of the Nebraska Department of Public

Institutions, wrote a letter to Judge John C. Burke, one of the district judges in and for the 4th Judicial District, and the judge who had presided over earlier proceedings in this case, alerting the court to the *Shaw* decision's possible application to the instant case. On May 14, 1979, Judge Burke responded with a letter to Mr. Cleavenger advising him that the Douglas County Attorney had been apprised of the matter and that action would occur within 2 weeks to return appellant to court to conform to the *Shaw* decision.

In May of 1979, the Nebraska Legislature, then being in session, repealed the then existing sexual sociopath statutes and enacted in their stead Neb. Rev. Stat. §§ 29-2911 to 2921 (Reissue 1979), relating to mentally disordered sex offenders. The act was passed with the emergency clause and became effective upon the Governor's signature on May 23, 1979. The newly enacted statutes acknowledged our statements in *Shaw* and specifically provided that, "All persons now committed under Chapter 29, article 29, as either a sexual psychopath or a sexual sociopath, shall forthwith be returned to the district court which committed them for review and disposition consistent with the terms of sections 29-2911 to 29-2921." § 29-2921.

Notwithstanding all of those facts, it was not until October 25, 1979, that an order was entered directing the Douglas County sheriff to return the appellant to Omaha for an arraignment which was held on October 30, 1979. Appellant was confined at the Lincoln Regional Center during all of this time. On November 27, 1979, appellant filed a motion for discharge for lack of speedy trial, which was denied by the trial court immediately prior to appellant's trial and conviction of kidnapping which occurred on November 28, 1979.

Our disposition of this matter is controlled entirely by the mandate of the Nebraska Legislature, found in Chapter 29, article 12 of the Revised Statutes of Nebraska. These sections simply prescribe the details

which are, in essence, mandated by the sixth amendment to the Constitution of the United States which requires, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ," as well as our own Nebraska Constitution, art. I, § 11. Section 29-1207 provides, in part, as follows:

"(1) Every person indicted or informed against for any offense *shall* be brought to trial within six months, and such time shall be computed as provided in this section.

"(2) Such six-month period shall commence to run from the date the indictment is returned or the information filed. . . .

"(3) If such defendant is to be tried again following a mistrial, an order for a new trial, or an appeal or collateral attack, such period shall commence to run from the date of the mistrial, order granting a new trial, or the mandate on remand." (Emphasis supplied.)

There then follows a list of time periods which are excluded in computing the time for trial. It may reasonably be argued that the exclusionary period set forth in § 29-1207(4) would justifiably have excused failing to try the appellant during the period between March 23, 1973, when the information was filed, and March 27, 1979, when this court filed its opinion in *State v. Shaw, supra.* For purposes of this appeal, however, we need not concern ourselves with that period of time. The record shows that appellant in this case was not brought to trial within 6 months of either the date of our decision in *State v. Shaw* or the enactment of the mentally disordered sex offenders act. There is, therefore, no point in time in this case from which one may begin computing time that will result in the appellant having been brought to trial within 6 months of that date.

In a series of decisions rendered by this court since the enactment of the speedy trial laws by the Leg-

islature of the State of Nebraska, we have announced that the primary burden is upon the State to bring the accused person to trial within the time provided by law and that, if he is not brought to trial within that time, he is entitled to an *absolute discharge* from the offense alleged, in the absence of an express waiver or waiver as provided by statute. Moreover, we have held that the failure of the accused to object at the time the trial court enters an order setting the trial at a date after the 6-month period does not constitute a waiver of his statutory right to a speedy trial and, further, we have held that, if a portion of the statute is to be tolled by reason of one of the exceptions in the statute, the State has the burden of proving by a substantial preponderance of the evidence that such exception is applicable. We have further held that if a trial court relies on § 29-1207(4) (f) in excluding a period of delay from the 6-month computation, a general finding of "good cause" will not suffice and the trial court must make specific findings as to the good cause or causes which resulted in the extensions of time. See, *State v. Johnson*, 201 Neb. 322, 268 N.W.2d 85 (1978); *State v. Hankins*, 200 Neb. 69, 262 N.W.2d 197 (1978); *State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604 (1972); *State v. Brown*, 189 Neb. 297, 202 N.W.2d 585 (1972).

The State argues that the delay was not unreasonable and we should overlook the precise time, citing us to the case of *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). *Barker* simply established an accused's right to a speedy trial, recognizing that the Constitution prescribes no specific time which must be met to satisfy a speedy trial. There was, however, no statute involved in *Barker* as there is in the instant case and *Barker* is, therefore, of no help in our disposition of this matter.

There are no specific findings made in this case which would satisfy the requirements of § 29-1207(4) (f) and, therefore, the provisions of Neb. Rev. Stat.

§ 29-1208 (Reissue 1979) must be followed. That section provides: "If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he *shall* be entitled to his absolute discharge from the offense charged and for any other offense required by law to be joined with that offense." (Emphasis supplied.) As with any statute of limitations, the courts are without discretion to ignore the running of such a statute, absent a tolling of the statute. See, *Westinghouse Electric Supply Co. v. Brookley*, 176 Neb. 807, 127 N.W.2d 465 (1964); *Shaurette v. Capitol Erecting Co.*, 23 Wis. 2d 538, 128 N.W.2d 34 (1964); *Ginkowski v. Ginkowski*, 28 Wis. 2d 530, 137 N.W.2d 403 (1965). This court, therefore, is left without any alternative in view of the Legislature's requirement expressed in § 29-1208, which, as we have noted, merely prescribes the details generally required by the sixth amendment to the Constitution of the United States. Whether one considers our decision in *State v. Shaw, supra*, as the mechanism which triggered the running of time for trial or the Legislature's enactment of the mentally disordered sex offenders act, either date was more than 6 months prior to the date on which trial was had. That being the case, we are left with no other alternative but to reverse the action of the trial court in overruling the motion for discharge and remand the proceedings back to the District Court with instructions to enter an order discharging the appellant from the custody which he has been in for approximately 7 years.

REVERSED AND REMANDED WITH DIRECTIONS.

BOSLAUGH, J., dissenting.

Neb. Rev. Stat. § 29-1207 (Reissue 1979) provides that "The period of delay resulting from *other proceedings* concerning the defendant," shall be excluded in computing the time in which the defendant must be brought to trial. (Emphasis supplied.)

The time from April 17, 1973, when the defendant

requested that an inquiry be made as to whether he was a sexual sociopath, until October 25, 1979, when he was ordered by the trial court to be returned for arraignment, should be excluded from computation as delay resulting from "other proceedings." If this period of time is excluded the defendant is not entitled to be discharged under § 29-1207.

The defendant has demonstrated, on several occasions, that he is indeed a dangerous person. It was at his request that all criminal proceedings were suspended indefinitely. It is a general principle that periods of delay occasioned by requests of a defendant should not work to the prejudice of the State. I would apply that principle in this case.