THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL SIMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered October 13, 1976, convicting him of burglary in the third degree and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review an order of the same court, dated July 22, 1976, which denied defendant's motion to dismiss the indictment on the ground of denial of a speedy trial. Judgment and order reversed, on the law, and indictment dismissed. It is undisputed that the defendant was arrested upon a felony complaint on May 6, 1974 for an alleged burglary which took place on April 12, 1974. After a preliminary hearing in the Greenburgh Town Court on May 14, 1974, all charges were dismissed. Subsequently, on May 28, 1974, the matter was presented to the Grand Jury, which handed up an indictment, together with an unsigned bench warrant for execution by the Sheriff's office. On June 5, 1974, the indictment was sealed, and then, due to a clerical error, it was lodged in the county clerk's office where it remained until sometime before January 24, 1975. At that time, the District Attorney's office, while going through the file, discovered the indictment and unsigned warrant, and had the letter signed by a County Court Judge on January 24, 1975. The defendant was subsequently arraigned and the indictment unsealed on February 25, 1975. The People were ready for trial on April 16, 1975. Thus, from the filing of the sealed indictment on June 5, 1974 until January 24, 1975, a period of 7 months and 19 days had elapsed due to the negligence of the county clerk's office and/or the District Attorney's office. This case is strikingly similar to the pattern of events in our recent decision in *People v Cahill* (54 AD2d 938), where we dismissed the indictment on speedy trial grounds for an unexcused delay of more than six months. There, too, the sealed indictment and unsigned bench warrant languished in the files of the Westchester County Clerk's office due to a clerical error and were not discovered for more than eight months. In that case we rejected the prosecution's argument that it wasn't responsible for the negligence of the county clerk. Certainly it is not too burdensome to require the District Attorney to keep in touch with the progress of a particular case. It is his office that decides to proceed by bench warrant and, if the same has not been executed within a reasonable time, it should be on notice that something is amiss and that if some action is not taken, the case will be dismissed pursuant to CPL 30.30. Furthermore, we disagree with the District Attorney's assertion that the time does not begin to run, for speedy trial purposes, until the indictment is unsealed. If that were the case, an unsealed indictment could remain in the county clerk's files for several years until its "resurrection" by the District Attorney's office—to the complete surprise and prejudice of the defendant. Such a result could certainly have not been intended by the Legislature when it enacted CPL 30.30. We have considered the other points raised by the defendant and find them to be without merit. Hopkins, J. P., Shapiro, Suozzi and Mollen, JJ., concur.