STATE OF NEBRASKA, APPELLEE, V. EUGENE BECK, APPELLANT.

325 N.W.2d 148

Filed October 22, 1982. No. 81-881.

John P. Murphy of Ruff & Murphy, for appellant.

Paul L. Douglas, Attorney General, and Ruth Anne E. Galter, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

WHITE, J.

The sole question for review in this appeal is whether the trial court erred in its determination that the appellant was brought to trial within 6 months after the filing of a criminal information, excluding "The period of delay resulting from the absence or unavailability of the defendant." Neb. Rev. Stat. § 29-1207(4)(d) (Reissue 1979). We reverse.

The appellant was informed against in the District Court on October 8, 1980, charging him with theft of a hay swather. Neb. Rev. Stat. § 28-511(1) (Reissue 1979).

On November 6, 1980, the appellant's bail was set at $1,500 and appellant was released by posting 10 percent thereof.

On December 11, 1980, an entry appears in the trial notes of the District Court as follows: "12-11-80 Arr 12/16/80 10:00 A M"; and on December 16, 1980, "12-16-80 Df fails to appear for arraignment; Bond revoked, bench warrant to issue"; and on December 22, 1980, "12-22-80 Bench warrant issued."

On August 20, 1981, the appellant appeared before the District Court after arrest pursuant to the bench warrant.

On September 14, 1981, the appellant, through new counsel, moved to dismiss for failure to comply with Neb. Rev. Stat. § 29-1208 (Reissue 1979). Ruling was deferred until after trial. Appellant was tried and convicted of a violation of § 28-511(1) and sentenced to a term of 18 months in the Nebraska Penal Complex. On November 3, 1981, the motion to discharge the appellant was denied.

At the hearing on November 3, 1981, the trial court heard the testimony of the county judge who bound the appellant over for trial, who generally testified

that it was his custom to advise defendants in his court on bindover to remain in contact with their attorneys so as to be advised of the date of their appearance in the District Court. It was the position of the appellant in the District Court and in this court that neither he nor his then-appointed counsel was ever notified to appear for arraignment or trial.

Philip M. Martin, Jr., former counsel, testified that he was notified by the county attorney to appear at a bond review hearing on November 11, 1980. The appellant did not appear, as Mr. Martin claimed not to know how to reach the appellant. We note, however, that on the bond filed on November 6, 1980, in the District Court, the appellant's address appears on the front thereof.

No evidence of any further notice to appear served on either the appellant or counsel was introduced in evidence. Based on this record, the trial court found "by a preponderance of the evidence that the defendant absented himself from the jurisdiction and was, in fact, unavailable for trial for a period of at least from December 16th, 1980, until August 20th, 1981, when he appeared without counsel after having been apprehended on the bench warrant and, accordingly, the motion to dismiss for lack of a speedy trial is now denied."

The record is devoid of proof to support the finding that the appellant left the jurisdiction or, for that matter, that he did not continue to reside at the address in Grand Island noted on the bond form.

Section 29-1207 provides that every person charged with a criminal offense shall be brought to trial within 6 months of the filing of the information. *State v. Bolton,* 210 Neb. 694, 316 N.W.2d 619 (1982). Subsection (4) of § 29-1207 excludes certain periods of time from computation of the 6-month requirement. The relevant portion in this case is: "(d) The period of delay resulting from the absence or unavailability of the defendant."

This court has previously held: "[T]he primary burden is upon the State to bring the accused person to trial within the time provided by law, and if he is not brought to trial within that time, he is entitled to an absolute discharge from the offense alleged in the absence of an express waiver or waiver as provided by statute." *State v. Bolton, supra* at 697, 316 N.W.2d at 621; *State v. Kinstler,* 207 Neb. 386, 299 N.W.2d 182 (1980). The State also has the burden of proving that one or more of the excluded periods of time under subsection (4) of § 29-1207 is applicable if the defendant is not tried within 6 months of the commencement of the criminal action. *State v. Johnson,* 201 Neb. 322, 268 N.W.2d 85 (1978).

The State here asserts that the appellant's contention must fail because no evidence was introduced by appellant to counter the State's evidence of appellant's absence from the jurisdiction. Peculiarly, the State cites no reference to the bill of exceptions establishing the State's so-called proof that the appellant departed the jurisdiction, and after diligently examining the record vainly, we understand the omission but do not condone the assertion.

The obligation of a defendant to appear before the District Court is fixed by Neb. Rev. Stat. § 29-901(3)(b) (Reissue 1979): "to answer the offense wherewith he may be charged, and to appear at such times thereafter as may be ordered by the proper court."

The State has failed to meet its burden under *State v. Bolton, supra.* There can be no serious dispute that a defendant is required to appear at those dates and at those times when ordered and of which he is notified. No evidence appears in the record showing the appellant and/or counsel were ever notified to appear. If there was proof available to support the trial court's findings, it was simply not introduced. We can accord no weight to findings which find no support in the evidence.

The appellant is entitled to be discharged from custody, the conviction set aside, and the information dismissed.

REVERSED.

CLINTON, J., participating on briefs.

BOSLAUGH, J., dissenting.

In holding that the defendant must be discharged because he was not tried within the statutory period prescribed in Neb. Rev. Stat. § 29-1207 (Reissue 1979), the majority opinion establishes a rule that prisoners released on bail have no duty to appear in the absence of further notice.

The defendant in this case was bound over to the District Court on October 6, 1980. Bail, which had been fixed at $2,500 by the county court, was reduced to $1,500 by the District Court on November 6, 1980. The bond which the defendant signed on that date required him to appear "from day to day, and from term to term, until final judgment or as directed by said Court, until finally discharged . . . ."

When the defendant failed to appear for arraignment on December 16, 1980, a bench warrant was issued December 22, 1980. The defendant did not again appear in court until August 20, 1981, after he had been apprehended on the bench warrant.

The record does not show where the defendant was from December 16, 1980, to August 20, 1981. His first counsel testified that he appeared with the defendant on only one occasion. When he was notified to appear with the defendant for a bond review, he attempted to contact the defendant but was unable to do so and had no address or phone number for the defendant at that time. In the absence of any evidence to the contrary, this evidence should be sufficient to support the finding of the District Court that the defendant was unavailable for trial from December 16, 1980, to August 20, 1981.

The general rule is that it is the responsibility of a prisoner, released on bail, to appear in the District

Court in accordance with the terms of his bond without further notice. *Holmes v. State,* 17 Neb. 73, 22 N.W. 232 (1885); *The People v. Sullivan,* 339 Ill. 146, 171 N.E. 122 (1930). As stated in *United States v. Lujan,* 589 F.2d 436 (9th Cir. 1978), a defendant who is released on bail has a general obligation to keep in touch with his attorney and the court, as well as being present at the court proceedings against him. See, also, *Palermo v. United States,* 61 F.2d 138 (8th Cir. 1932); *Caudillo v. State,* 541 S.W.2d 617 (Tex. Crim. App. 1976).

The rule which this case adopts rewards the defendant who, after being released on bail, conceals his whereabouts from the court and his attorney. Such a defendant should not be entitled to a discharge under Neb. Rev. Stat. § 29-1208 (Reissue 1979).

CLINTON, J., joins in this dissent.