STATE OF NEBRASKA, APPELLEE, V. PATRICIA MCKENNA, APPELLANT.

421 N.W.2d 19

Filed March 25, 1988.   No. 87-143.

Forrest F. Peetz of Peetz and Peetz, for appellant.

Robert M. Spire, Attorney General, and Janie C. Castaneda, for appellee.

HASTINGS, C.J., WHITE, and GRANT, JJ., and BRODKEY, J., Retired, and CORRIGAN, D.J.

BRODKEY, J., Retired.

Patricia McKenna, defendant below, appeals to this court from the decision of the district court for Holt County denying defendant's motion for an absolute discharge on the basis that she was denied a speedy trial under Neb. Rev. Stat. § 29-1207 (Reissue 1985). Appellant makes one assignment of error in her brief on appeal, that being that the county court, and thereafter on appeal the district court, erred in failing to sustain her motion for an absolute discharge, and further erred in not finding that the defendant had been denied her right to a speedy trial.

The issues to be considered by this court are (1) whether the time period between appellant's failure to appear at trial and her subsequent appearance in court 10 months later is excludable as "delay resulting from the absence or unavailability of the defendant" under § 29-1207(4)(d); and (2) whether the action of the county court in taking judicial notice of the court file, which indicated the failure of the defendant to appear on a specified date and the subsequent issuance of a bench warrant, is sufficient to meet the State's burden to prove the existence of an excludable period under the aforesaid section. We affirm.

The statute involved herein, § 29-1207, provides in part:

(1) Every person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section.

. . . .

(4) The following periods shall be excluded in computing the time for trial:

. . . .

(d) The period of delay resulting from the absence or unavailability of the defendant;

. . . .

(f) Other periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause.

The factual background of this case, as discernible from the record filed in this court on appeal, is that a complaint was filed in the county court for Holt County on September 11, 1985, charging Patricia McKenna with second offense driving while

under the influence of alcoholic liquor, a Class W misdemeanor. It appears that the defendant was not tried on that charge until November 17, 1986; thus, more than 6 months elapsed and the statute above cited would have been violated unless any of the excludable times stated therein apply. A citation in lieu of arrest was issued under the above complaint on September 11, 1985, and arraignment thereon was scheduled for September 25.

On three subsequent occasions McKenna's arraignment date was rescheduled, to wit: (1) It appears the court entered an order on September 18, 1985, rescheduling the arraignment from September 25 to October 7, with notice thereof being mailed to McKenna by regular mail. (2) Prior to the arraignment on October 7, McKenna notified the court via letter that she wanted to plead not guilty to the charge and asked permission of the court to do so by her letter, since her financial situation made it difficult for her to get to O'Neill from her residence in Lincoln. The court responded to this letter by filing, on October 8, 1985, a second order for hearing, rescheduling the arraignment to October 21, and again notice was mailed by regular mail to McKenna. (3) A third order for hearing was filed on October 21, 1985, rescheduling the arraignment to November 4. Notice of this change in date was again mailed to McKenna by ordinary mail.

On November 4 the matter proceeded to arraignment, and McKenna was present in court without an attorney. After determining that McKenna qualified for a court-appointed attorney, the court did appoint an attorney to represent her and scheduled the matter for trial to the court on November 25 at 3 p.m. On November 26 an order for hearing was entered, rescheduling the trial from November 25 to December 2, 1985, at 3 p.m. Notice of the order was sent to McKenna's court-appointed attorney via ordinary mail. The record is silent as to the reason for this rescheduling. However, on December 2, the date set by court for the trial, court was in session, but the appellant failed to appear for trial. On December 3, the following day, a bench warrant was issued for McKenna's failure to appear at trial on December 2, 1985. The record is silent as to whether service was attempted and, if so, the result

of such attempt. All of the foregoing dates were obviously within the 6-month period provided for by the statute above quoted.

It next appears from the record that on June 6, 1986, the bench warrant was reissued, but the warrant is silent as to whether service was attempted. However, the record reflects the fact that at the hearing in county court on appellant's motion for absolute discharge held on November 17, 1986, appellant's counsel mentioned during the argument, "She continued to reside at the same location. If they wanted to pick her up, they could have picked her up which, in fact, they eventually did." This statement would seem to indicate that the bench warrant issued on June 6, 1986, was indeed executed. The record reveals that McKenna appeared in Holt County Court on October 28, 1986, with her court-appointed attorney. At this hearing the court asked McKenna why she failed to appear at trial on December 2, 1985, and the following dialogue occurred:

> MISS MCKENNA: 'Cause I couldn't afford to get here, I had to travel from Lincoln.
> THE COURT: Did you contact the Court?
> MISS MCKENNA: No.
> THE COURT: Why not?
> MISS MCKENNA: I didn't.
> THE COURT: Were we just suppose to guess that you weren't going to be here?
> MISS MCKENNA: I just didn't — *I don't really have an excuse. I didn't contact the Court, and I should have.*

(Emphasis supplied.)

In view of the above colloquy it appears clear that the appellant not only knew of the trial date, December 2, 1985, but did not have an excuse for her inaction and did not contact the court as she should have. It thus appears that the delay was due to her own inaction.

Following the above inquiry, the court scheduled a hearing date on appellant's motion for absolute discharge for November 17, 1986, and on that date a formal hearing was held on the motion. Appellant contended that it was well past the 6-month period in which the State must bring the matter to trial and argued that the complaint must be dismissed unless the

State could meet its burden of proving that an excludable period existed under § 29-1207(4). At the hearing the State asked the court to take judicial notice of the court file, which indicated that appellant was scheduled for trial on December 2, 1985, but failed to appear for trial on that date, and that on December 3 a bench warrant was issued for the arrest of the appellant, and was reissued on June 6, 1986.

It should be noted that the court, in announcing its decision to overrule the motion for absolute discharge, stated: "[T]he absences within that past year are the result of the absence or unavailability of the defendant. And she first evidenced that absence or inability to appear or unavailability by her failing to appear for trial as ordered." At that hearing the parties stipulated the facts of the case, and the court found McKenna guilty of driving while intoxicated and sentenced her to probation for a period of 2 years.

McKenna appealed the decision of the court on the absolute discharge motion to the district court for Holt County, which court entered a memorandum decision on February 4, 1987, affirming the lower court's ruling. In its decision the district court noted: "[T]he record shows the Defendant did have notice of the continuance and did not appear because she could not afford travel to O'Neill . . . ." McKenna now appeals this ruling to this court and asks that the decision be reversed and remanded with directions to dismiss.

The first issue to be decided in this case is whether the time period between appellant's failure to appear at trial and her subsequent appearance in court is deemed excludable as "delay resulting from the absence or unavailability of the defendant" under § 29-1207(4)(d).

As previously indicated, § 29-1207 requires that "[e]very person indicted or informed against for any offense shall be brought to trial within six months," and further provides that "[s]uch six-month period shall commence to run from the date . . . the information is filed." That section also provides that certain periods "shall be excluded in computing the time for trial," and subsection (4)(d) sets forth one of the excludable periods, that being the "period of delay resulting from the absence or unavailability of the defendant." Since the

defendant's absence or unavailability may be excluded in computing the 6-month period, the State need only show that the defendant was *either* absent *or* unavailable for the time period in question. In the case at bar the appellant's failure to be present at trial and her subsequent failure to notify the court of her willingness to reschedule the trial appear to bring this time period under the exclusion of § 29-1207(4)(d).

The impact of the failure of a defendant to appear for trial and the subsequent tolling of the speedy trial statute are discussed in several Nebraska cases. Two of the cases most relied upon by appellant are *State v. Beck*, 212 Neb. 701, 325 N.W.2d 148 (1982), and *State v. Bennett*, 219 Neb. 601, 365 N.W.2d 423 (1985). The factual situation in *Beck, supra*, is particularly important, as the appellant in the case at bar argues that *Beck* is dispositive and requires a positive resolution of her case.

The defendant in *Beck* was informed against on October 8, 1980. On November 6 the defendant was released on bail. On December 16 defendant failed to appear for arraignment, and, thereafter, a bench warrant was issued. On August 20, 1981, the defendant appeared in court after arrest pursuant to the bench warrant. Subsequently, defendant, through new counsel, moved to dismiss for failure to comply with the Nebraska speedy trial statute. Defendant argued that neither he nor his then-appointed counsel was notified to appear for arraignment or trial. Defendant's former counsel testified that he was notified to appear at a bond review hearing on November 11, 1980, but did not notify the defendant because he did not know how to reach him. This court noted that defendant's address appeared on the front of the bond filed on November 6, 1980. *No evidence of any notice to appear at arraignment was served on defendant or his then-appointed counsel.* The trial court found that " 'the defendant absented himself from the jurisdiction and was, in fact, unavailable for trial for a period of at least from December 16th, 1980, until August 20th, 1981, when he appeared . . .' " due to the execution of the bench warrant. *State v. Beck, supra* at 703, 325 N.W.2d at 150.

On appeal, this court cited Neb. Rev. Stat. § 29-901(3)(b) (Reissue 1979), which outlines the obligation of a defendant to

appear before the court "to answer the offense wherewith he may be charged, and to appear at such times thereafter as may be ordered by the proper court."

This court stated: "There can be no serious dispute that a defendant is required to appear at those dates and at those times when ordered and of which he is notified." 212 Neb. at 704, 325 N.W.2d at 150. The court noted in *Beck* that the record contained no evidence to show that the defendant and/or counsel were ever notified to appear. The court stated it can accord no weight to findings which have no support in the evidence and then reversed the cause on defendant's motion.

In *Bennett, supra*, following a mistrial on July 22, 1983, the defendant was scheduled for, and failed to appear at, a new trial on October 5, 1983. A warrant was issued, which resulted in defendant's arrest on April 8, 1984; thereafter, defendant's motion for dismissal on the ground that he was denied a speedy trial was overruled. Upon appeal to this court defendant's failure to appear at trial was scrutinized under § 29-1207(4)(d). Defendant's claim was that he was "available" at all times for trial, but was not notified of the trial scheduled for October 5. The record reflected that the defendant's trial attorney did indeed notify defendant of the impending trial date and subsequently urged him to surrender to the police following his failure to appear at trial.

The court specifically distinguished this case from the situation in *Beck* discussed above and affirmed the ruling of the lower court. The court stated:

> Rather than a situation such as presented in *Beck*, this case falls within the rule which states that one cannot take advantage of a delay in being brought to trial where he is responsible for the delay either by action or inaction. *State v. Craig, ante* p. 70, 361 N.W.2d 206 (1985).

*State v. Bennett*, 219 Neb. 601, 603, 365 N.W.2d 423, 425 (1985).

It appears from Nebraska case law that when a defendant is aware of the scheduled trial date and fails to appear on that date, the Nebraska speedy trial statute is tolled until such time as the defendant either willingly or unwillingly appears again in court.

The appellant contends that this court should consider her as having been "available" for trial and argues that any defect in this proceeding is the sole result of the failure of the State to serve the bench warrant in a timely fashion. The applicable case law states, however, that either *action* or *inaction* is dispositive when a defendant "is responsible" for the delay. As previously indicated, in this case appellant failed to appear at the scheduled trial on December 2, 1985. This is clearly "inaction." In a subsequent hearing, appellant, for all reasonable purposes, admitted both knowledge of the scheduled date and a lack of excuse for failure to contact the court. This case appears, accordingly, to fall squarely within the patterns contemplated by both the express language of the statute and this court's treatment of the applicable sections in prior cases.

It should be noted that in both *State v. Beck*, 212 Neb. 701, 325 N.W.2d 148 (1982), and *State v. Bennett, supra*, the defendants were eventually brought into court pursuant to warrants for their arrest. The period of time between Beck's failure to appear and the successful execution of the warrant was over 8 months. While the opinion in *Beck* does not note whether a second bench warrant was issued after the initial 6-month period, it would appear that the situation in that case is similar to the fact pattern here. That same pattern is repeated in *Bennett*, where the period of time between his failure to appear and his arrest was 6 months. In neither of these cases did the court construe any delay in executing the warrant as bearing on the issue of whether the State violated the defendant's right to a speedy trial. Rather, as may be inferred from *State v. Craig*, 219 Neb. 70, 361 N.W.2d 206 (1985), it would appear that the defendant had an affirmative duty to contact the court to reschedule the trial date.

The second issue arising in this case is whether the court's taking judicial notice of the court file, which indicated appellant's failure to appear for trial on a specified date and the subsequent issuance of a bench warrant, is sufficient to meet the State's burden to prove the existence of an "excludable" period under § 29-1207.

The general rule is clear. The State has the burden of proving that one or more of the excludable periods of time exist under

subsection (4)(d) of § 29-1207 if the defendant is not tried within 6 months of the commencement of a criminal action. *State v. Beck, supra; State v. Johnson*, 201 Neb. 322, 268 N.W.2d 85 (1978). It is also the established rule that to overcome a defendant's motion for absolute discharge from an offense, the State must prove existence of an excludable period by a preponderance of the evidence. *State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604 (1972); *State v. Beck, supra.*

As previously stated, in *Bennett, supra*, the defendant claimed he was not notified of his scheduled trial date and thus failed to appear for that reason. Bennett's attorney testified that she discussed the trial date with him, left a message confirming that date at his mother's home as defendant requested, and subsequently urged defendant to surrender to the police following the issuance of the bench warrant for defendant's failure to appear at trial. The court held that the trial attorney's testimony fulfilled the burden the State was required to meet in order to excuse the delay from October 5, 1983, to April 8, 1984, because of the absence or unavailability of the defendant.

In this case the record establishes clearly that the trial date had been set and the attorney for the appellant had been notified of that date. When questioned at trial the appellant admitted a failure to apprise the court of her inability to be present and also failed to present additional evidence on her own behalf. Also, in his argument to the Supreme Court on this appeal, the attorney for the appellant, upon questioning by the court, admitted that he had received the notice mailed to him by the court in setting the date of the trial. Even if it were to appear from the record that the appellant was not notified as to the trial date, either directly or by her attorney, we believe that the rule would still be the same in this situation, that she had knowledge of the trial date and failed to appear. In *City of Hastings v. Jerry Spady Pontiac-Cadillac, Inc.*, 212 Neb. 137, 144, 322 N.W.2d 369, 373 (1977), the general rule is stated to be as follows: "It is clear that notice to, or knowledge of facts by, an attorney is notice to, or knowledge of, his client. 7A C.J.S. *Attorney & Client* § 182 (1980)."

The sole remaining issue, then, is whether the court file in

and of itself presented facts sufficient to meet the State's burden by a "preponderance of the evidence." We are convinced that it did. The court file established both the pattern of hearing dates prior to the final date of trial and the appellant's failure to appear, as well as the colloquy set out above between the court and McKenna. Appellant did not question, at the hearing on the motion to discharge, the truth or veracity of any facts within the file. At the hearing, then, the preponderance of evidence presented to the court would appear to have been sufficient to meet the required showing. Appellant was absent due to her own inaction. Moreover, the record establishes that at no point after the scheduled trial did the appellant contact the court and offer to appear. Under this pattern of facts we believe that judicial notice of the court file clearly established by a preponderance of the evidence her failure to appear. From what we have stated above, we conclude that the judgment of the district court should be affirmed.

AFFIRMED.