STATE OF NEBRASKA, APPELLEE, v. KEVIN R. GROVES, APPELLANT.

469 N.W.2d 364

Filed May 17, 1991.   No. 90-282.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Robert M. Spire, Attorney General, and Kenneth W. Payne for appellee.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

GRANT, J.

Defendant, Kevin R. Groves, was arrested on December 22, 1988, and taken into custody. A complaint charging defendant with the crime of possession of a controlled substance, methamphetamine, in violation of Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 1988), was filed in the county court for Douglas County on December 23, 1988. Defendant, with counsel, appeared before the county court, and on December 23 the court signed an "Order of Release from Custody" conditioned

on the defendant's execution of an appearance bond and the deposit of 10 percent of $10,000 in cash. Defendant acknowledged he understood the "conditional release." Preliminary hearing was set for January 9, 1989.

Defendant appeared with counsel for the preliminary hearing. No record of that hearing is in the record before us, but the transcript shows that defendant was bound over to district court for trial. On January 9, 1989, in county court, defendant signed an appearance bond, which provided in part:

> I acknowledge that I've been charged with the offense of <u>Possession of Controlled Substance</u> [handwritten] and in consideration of my release from custody agree to appear in the County Court of said County on <u>Jan. 19 1989</u>, at <u>9 A</u>.M. [date and time handwritten] and thereafter as directed by the Court, to answer the charges against me. In the event that the offense charged is a felony, and I am bound over to the District Court upon preliminary hearing, I further agree to appear in the District Court of said County forthwith or as so ordered, which court shall then have jurisdiction.

After his signature, defendant wrote his address, "8402 Blondo."

On January 10, 1989, an information was filed in the district court charging the same crime set out in the complaint. On January 19, 1989, the district court made the following docket entry: "Defendant failed to appear, Clerk of Court directed to issue capias for the arrest of the defendant." The same day, a capias was issued, and on April 24, 1989, defendant was taken into custody by the sheriff.

On June 7, 1989, defendant was arraigned and pled not guilty. The court's docket entry also showed, "Cause set for trial to the next jury panel or as soon thereafter as it may be reached."

On August 18, 1989, defendant filed a motion in the district court "for an order granting him an absolute discharge from the offense charged in the information . . . for the reason that more than six (6) months has expired since the filing of the information and none of the periods of exclusion contained in § 29-1207, R.R.S. 1943 are applicable . . . ." On August 30,

1989, defendant filed a motion seeking a continuance of the trial, which motion was granted by the trial court on the same day.

On January 3, 1990, a hearing was held in the district court on defendant's motion for discharge. On January 30, 1990, the court entered an order denying defendant's motion for discharge. On February 14, 1990, defendant waived a jury trial and stipulated the case could be tried by the trial judge on stipulated police reports. Defendant was found guilty and on March 1, 1990, was sentenced to 1 to 2 years, concurrent with any other sentence already imposed. The bill of exceptions shows that defendant was previously sentenced on the same day, on other charges, to 2 to 4 years in prison plus an additional 13 months. Defendant timely appealed his conviction in this case.

In this court, defendant assigns a single error: The trial court erred in not sustaining defendant's motion to dismiss "for the State's failure to bring him to trial within six months after the information was filed . . . ."

Neb. Rev. Stat. § 29-1207 (Reissue 1989) provides:

(1) Every person . . . informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section.

(2) Such six-month period shall commence to run from the date . . . the information [is] filed.

. . . .

(4) The following periods shall be excluded in computing the time for trial:

. . . .

(d) The period of delay resulting from the absence or unavailability of the defendant . . . .

Defendant contends that since the information was filed on January 10, 1989, the case against him had to be tried within 6 months of that date. The time after August 30, 1989, cannot be counted in computing the time, since this delay resulted "from a continuance granted at the request . . . of the defendant." § 29-1207(4)(b). The time from the filing of the information (January 10, 1989) to the time of defendant's filing of the motion for continuance (August 30, 1989) is the determinative

period. That period consists of 7 months 20 days, a time in excess of the 6-month limitation set out in § 29-1207. The State contends, however, that the time from the arraignment on January 19, 1989, to defendant's arrest on April 24, 1989, must be excluded as "resulting from the absence or unavailability of the defendant," as allowed by § 29-1207(4)(d). Thus, the sole issue before this court is whether, under the facts set out above, defendant had made himself unavailable for trial during the time from January 19 to April 24, 1989. The trial court determined that "[b]y his own actions the defendant rendered himself unavailable for trial for a period of 90 days within the six month period, i.e., the date from the time of his arraignment to the date of his arrest."

The problem in this case obviously stems from the use of a county court form which was not appropriate for use in this case unless properly modified. The form used did not reflect the facts before the county court. Those facts included the fact that defendant had been bound over after a preliminary hearing. Nonetheless, the defendant was specifically told in writing to appear in the county court on January 19, 1989, at 9 a.m. Apparently, at 9 a.m. on January 19, 1989, defendant did not appear in district court, and a capias was issued for his arrest. There is no other evidence in the record before us, as there has been in previous similar cases, such as *State v. McKenna*, 228 Neb. 29, 421 N.W.2d 19 (1988), *State v. Bennett*, 219 Neb. 601, 365 N.W.2d 423 (1985), and *State v. Beck*, 212 Neb. 701, 325 N.W.2d 148 (1982).

In *McKenna*, the defendant's own testimony showed she was aware of where and when she was supposed to appear. Testimony of her counsel also added to the facts before the court in determining the extent of McKenna's knowledge. In *Bennett*, Bennett's trial counsel testified that she had told Bennett of the trial date. In *Beck*, a county judge testified as to his custom in advising defendants, and defendant's counsel testified that he had been notified of a hearing, but had failed to reach the defendant.

No such additional evidence was offered in this case. The record does not show that defendant's counsel was in district court on January 19, 1989. No testimony from defendant, his

attorney, or the county judge handling this matter was offered. The bare record before us does not support the trial court's finding that "[b]y his own actions the defendant rendered himself unavailable for trial . . . ." Defendant was ordered specifically to appear in county court on a day certain. There is no evidence that he did not so appear. There is no evidence that defendant was ordered to appear on a day certain in district court. Defendant's address, as shown on the bond, was known to the court. Defendant's attorney was known to the court. The record does not show any information conveyed to defendant or his counsel as to a specific date for defendant's appearance in district court. It should also be noted that there is nothing in the record to explain the delay between the time of defendant's arrest on the capias issued herein and the expiration of the 6-month period set out in § 29-1207.

If the State is to complain of a defendant's failure to appear at a certain time and place as ordered, the State must first obtain a court order directing defendant where and when to appear. The State cannot shift that burden by obtaining an order specifically directing the defendant to appear in the wrong place, and then contending that defendant should know the proper place to appear. If the State is to enforce a court's written orders, those orders should be accurate. We stated in *State v. Beck, supra* at 704, 325 N.W.2d at 150:

This court has previously held: "[T]he primary burden is upon the State to bring the accused person to trial within the time provided by law, and if he is not brought to trial within that time, he is entitled to an absolute discharge from the offense alleged in the absence of an express waiver or waiver as provided by statute." *State v. Bolton*, [210 Neb. 694, 697, 316 N.W.2d 619, 621 (1982)]; *State v. Kinstler*, 207 Neb. 386, 299 N.W.2d 182 (1980).

The State also has the burden of proving that one or more of the excluded periods of time under § 29-1207(4) are applicable if the defendant is not tried within 6 months of the filing of the information in a criminal action. *State v. Johnson*, 201 Neb. 322, 268 N.W.2d 85 (1978).

The State has failed to meet its burden of proof under *State v. Beck, supra*, and *State v. Johnson, supra*. Defendant's

conviction is not legal and must be set aside. The judgment is reversed, and the cause is remanded to the district court with directions to dismiss the charge against defendant in this case.

REVERSED AND REMANDED WITH DIRECTIONS.