STATE OF NEBRASKA, APPELLEE, V. GARY L. BORLAND, APPELLANT.
532 N.W.2d 338

Filed May 16, 1995.   No. A-94-1009.

Dennis R. Keefe, Lancaster County Public Defender, and Michael D. Gooch for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

SIEVERS, Chief Judge, and MILLER-LERMAN, Judge, and WARREN, District Judge, Retired.

SIEVERS, Chief Judge.

This case presents speedy trial issues under the statutory guarantee that every person charged with an offense shall be brought to trial within 6 months as provided in Neb. Rev. Stat. § 29-1207 (Reissue 1989). Gary L. Borland was charged with driving while his license was under a 15-year suspension in violation of then applicable Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1990), now codified at Neb. Rev. Stat. § 60-6,196 (Reissue 1993). That Borland drove a motor vehicle while under a 15-year suspension on or about September 1, 1992, as charged, is not disputed. Borland's only contention on appeal is that his right to a speedy trial was violated, which requires reversal of his conviction.

Nebraska's speedy trial statute, § 29-1207, requires that

every person indicted or informed against for any offense shall be brought to trial within 6 months, which shall commence to run from the date the information is filed. Subsection (4) of the statute provides that certain periods of time shall be excluded from the computation of the date by which a defendant must be tried. The statutory provisions which could conceivably result in excludable time periods in the instant case are as follows:

(a) The period of delay resulting from other proceedings concerning the defendant . . . ; the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence, motions to quash the indictment or information, demurrers and pleas in abatement and motions for a change of venue; and the time consumed in the trial of other charges against the defendant;

. . . .

(d) The period of delay resulting from the absence or unavailability of the defendant[.]

§ 29-1207(4).

Borland was charged by an information filed October 9, 1992, and he was convicted at a trial on September 12, 1994, almost 2 years later. The following "table" sets forth the events and the dates of their occurrence during the 2 years at issue in this case:

| | |
|---|---|
| October 9, 1992<br>69 days ↓ | Information filed in Lancaster County charging driving under suspension |
| December 17, 1992<br>113 days ↓ | Borland fails to appear for docket call, bench warrant ordered |
| April 9, 1993<br>375 days ↓ | Bench warrant issued |
| April 19, 1994<br>45 days ↓ | Borland arraigned in Lancaster County District Court on failure to appear charges |
| June 3, 1994<br>74 days ↓ | Borland files motion to dismiss on speedy trial grounds |

| | |
|---|---|
| August 16, 1994 | Motion to dismiss overruled |
| 24 days ↓ | |
| September 9, 1994 | Motion for discharge on speedy trial grounds filed by Borland |
| 3 days ↓ | |
| September 12, 1994 | Motion overruled, stipulated evidence bench trial, Borland found guilty |

We determine the "final date" by which Borland must have been tried by excluding the date the information was filed, counting forward 6 months, backing up 1 day, and then adding the excludable time periods to that date. See, *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991); *State v. Jones*, 208 Neb. 641, 305 N.W.2d 355 (1981). Using this method, we determine whether more than 6 includable months have passed between the filing of the information on October 9, 1992, and the trial held on September 12, 1994. If so, Borland is entitled to an absolute discharge, as under § 29-1207 no showing of prejudice from the delay is necessary to gain discharge. See *State v. Lafler*, 225 Neb. 362, 405 N.W.2d 576 (1987).

Borland argues that the 113 days from his failure to appear on December 17, 1992, to the issuance of the bench warrant on April 9, 1993, is chargeable to the State, and therefore not excludable, because of the district court's failure to issue a bench warrant on December 17 or within a reasonable time thereafter. To buttress this contention, Borland points to his testimony that in mid-January 1993, in response to a letter from his counsel about his failure to appear, he went to the Lancaster County sheriff's office, as well as the Lincoln Police Department, in an attempt to resolve the matter of the warrant for his failure to appear. Borland testified that he was told upon his inquiry at each place that there was no warrant for him. The warrant was not actually issued for Borland's failure to appear on December 17, 1992, until April 9, 1993, and thus such a response would not be surprising. Therefore, given his attempt to resolve the matter promptly, Borland argues that he should not be charged with the time during which the State was less than prompt in securing the issuance of a warrant. The State

counters with the doctrine that under *State v. McKenna*, 228 Neb. 29, 421 N.W.2d 19 (1988), when a defendant is aware of a scheduled trial date and fails to appear, the speedy trial statute is tolled until such time as the defendant either willingly or unwillingly appears again in court. According to the State, the entire 488 days from December 17, 1992, to April 19, 1994, is chargeable to the "absence or unavailability" of Borland and thus is excludable under § 29-1207(4)(d).

The district court held in its ruling of August 16, 1994, that this 488-day time period resulted from "the absence or unavailability of defendant" and thus was excludable. In its August 16 ruling, the district court did not specifically address the 74 days during which it had under submission Borland's motion to dismiss on speedy trial grounds. However, when a different judge of the Lancaster County District Court ruled on the September 9, 1994, motion for discharge, the time between the first motion to dismiss and the ruling thereupon of August 16 was held to be chargeable to Borland. Although not specifically so stating, the district court apparently made the same ruling with respect to the 3 days during which the second speedy trial motion to discharge filed September 9 was under submission.

The sole assignment of error before us is that the district court erred in holding that the "speedy trial clock" had not run.

## STANDARD OF REVIEW

In *State v. Richter*, 240 Neb. 223, 481 N.W.2d 200 (1992), the Supreme Court briefly addressed the matter of the standard of review of a trial court's determination of a motion to discharge on speedy trial grounds. The *Richter* court said that as a general rule, the trial court's determination of whether a complaint should be dismissed because of the failure of the State to provide the defendant with a speedy trial is a factual question which will be affirmed by the appellate court unless the determination was clearly erroneous.

## ANALYSIS

The burden is upon the State to bring accused persons to trial within the time provided by law, and if a defendant is not brought to trial within the 6 months provided for in

§ 29-1207, the defendant is entitled to an absolute discharge from the offense in the absence of an express waiver or a waiver of time as provided for in the speedy trial statute. *State v. Beck*, 212 Neb. 701, 325 N.W.2d 148 (1982). The burden of proof is upon the State that one or more of the excluded time periods under § 29-1207(4) is applicable when the defendant is not tried within 6 months. *State v. Beck, supra.* See, also, *State v. Johnson*, 201 Neb. 322, 268 N.W.2d 85 (1978). To overcome a defendant's motion for discharge on speedy trial grounds, the State must prove the existence of an excludable period by a preponderance of the evidence. *State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604 (1972); *State v. McKenna, supra.*

The first timeframe we analyze is from December 17, 1992, when Borland failed to appear and a bench warrant was ordered, until April 9, 1993, when the warrant was finally issued, a total of 113 days. There are two parts to this issue: (1) whether the delay in the issuance of the warrant makes the time chargeable to the State and (2) whether Borland's alleged attempt to deal with his failure to appear by contacting the Lancaster County Sheriff and the Lincoln Police Department makes the time chargeable to the State.

The only authority cited by Borland for the proposition that the delay in the issuance of the warrant makes the time chargeable to the State is *People v. Sims*, 59 A.D.2d 546, 398 N.Y.S.2d 440 (1977). However, *Sims* is clearly distinguishable. In *Sims*, there was a delay of 7 months between the filing of a sealed indictment from a grand jury and the signing of an arrest warrant for the defendant because of the neglect of either the county clerk's office or the district attorney's office. A sealed indictment is intended to prevent the defendant from knowing about the pendency of the charges. Thus, the 7 months between filing of the sealed indictment and the warrant for the arrest of the defendant can only be chargeable to the State. Since only the State knows of the pendency of the charges, it seems axiomatic that a court could not logically attribute any delay between indictment and warrant to the defendant, as there is no "absence or unavailability" for trial because of the defendant's action or inaction. Although *Sims* does not help Borland, we think the focus in Nebraska speedy trial cases on the

defendant's having proper notice is nonetheless quite consistent with *Sims*.

In *State v. Groves*, 238 Neb. 137, 469 N.W.2d 364 (1991), the Supreme Court held that a 90-day period between the date the defendant failed to appear in district court and the date of his arrest was not chargeable to the defendant, which entitled him to dismissal on speedy trial grounds. In *Groves*, the defendant was told in writing to appear in the county court when in reality he was to appear in the district court, and when he did not, a capias was issued for his arrest. There was no other evidence in the record to establish the defendant knew he was to appear on a certain date in district court. Accordingly, the court in *Groves* held:

> If the State is to complain of a defendant's failure to appear at a certain time and place as ordered, the State must first obtain a court order directing defendant where and when to appear. The State cannot shift that burden by obtaining an order specifically directing the defendant to appear in the wrong place, and then contending that defendant should know the proper place to appear. If the State is to enforce a court's written orders, those orders should be accurate. We stated in *State v. Beck, supra*, at 704, 325 N.W.2d at 150: "This court has previously held: '[T]he primary burden is upon the State to bring the accused person to trial within the time provided by law, and if he is not brought to trial within that time, he is entitled to an absolute discharge from the offense alleged in the absence of an express waiver or waiver as provided by statute.' *State v. Bolton*, [210 Neb. 694, 697, 316 N.W.2d 619, 621 (1982)]; *State v. Kinstler*, 207 Neb. 386, 299 N.W.2d 182 (1980)."

238 Neb. at 141, 469 N.W.2d at 367.

In *State v. Richter*, 240 Neb. 223, 481 N.W.2d 200 (1992), the Supreme Court found that the defendant did not have proper notice of the date when he was to appear in district court, and thus, the speedy trial clock was not tolled. The court held that a criminal defendant must be properly notified of the need to appear in court at a given date and time before the failure to do so can initiate an excludable period. Accordingly, the State was

required to prove by a preponderance of the evidence that Richter had notice of the hearing for which he failed to appear.

Borland does not argue that he did not have notice of the December 17 docket call at which he was to appear. The record establishes the court's order for the appearance of Borland and his counsel for the December 17 docket call. Borland admits that he was not there. Thus, when Borland failed to appear on December 17, an excludable period of time began.

We now turn to the question of when this excludable time period ended. We begin with the matter of whether Borland's appearance at the sheriff's office and the police department in mid-January ended the excludable time period which began with his failure to appear on December 17. Borland argues that *State v. Groves, supra,* and *State v. Richter, supra,* are favorably analogous to his position. The State gave erroneous directions in *Groves* as to the court where the defendant was to appear, and in *Richter*, the failure to serve the complaint by a method other than regular mail caused a finding of a lack of notice and a discharge on speedy trial grounds. Borland claims these cases represent the functional equivalent to his visit to the police department and the sheriff's office where he was told there were no warrants for him.

We reject Borland's argument in light of his testimony that he had appeared on this felony driving while under suspension charge several times prior to his failure to appear on December 17, he knew that there was a felony charge pending against him, and that there would be a "trial or something to dispose of it before it was done." Also, Borland admitted in his testimony on the motion to dismiss that he did not contact his attorney after he received the letter or after he had been to the county sheriff and Lincoln Police Department. Borland also admitted that he had previously had warrants issued against him. Borland stated that he spoke to "a speaker thing in the lobby" and that he did not speak with anyone face to face. He testified that he just told them his name, and it took 10 to 15 minutes, like "they were running a check."

Borland's evidence merely establishes that at the time he checked, there was not a warrant then outstanding. However, Borland's argument does not equate to the scenarios in *Groves*

or *Richter* where the State sought to exclude from the speedy trial calculation the time period initiated by a failure to appear when the notice to appear was defective or service of the underlying complaint was not lawfully undertaken. Borland's visit to the sheriff's office and the police department and the absence of a warrant at that time did not mean that his failure to appear on December 17, in violation of the court's order to appear, was forgiven or forgotten. Moreover, the above admissions from Borland's testimony establish that he knew that such was not the case and that there would still be a day of reckoning on this serious charge.

Additionally, *State v. McKenna*, 228 Neb. 29, 421 N.W.2d 19 (1988), clearly cuts against Borland's argument. In *McKenna*, the defendant was charged on September 11, 1985, with second-offense driving while under the influence and was not tried until November 17, 1986, clearly more than 6 months later. An arraignment date was scheduled for September 25, 1985, and rescheduled three times, with the last date being November 4, 1985. McKenna was notified of this date by ordinary mail, but the previous reschedulings had occurred through a series of letters between the court and McKenna which concerned her difficulty in getting from her home in Lincoln to O'Neill for arraignment. McKenna appeared on November 4 with counsel, and the matter was set for trial on November 25. The matter was rescheduled to December 2, and notice was sent to her court-appointed attorney via ordinary mail, but McKenna failed to appear on that date. A bench warrant was issued the following day. The court's opinion in *McKenna* specifically observes that the record is silent as to whether service of the warrant was attempted and, if so, the result. The bench warrant was reissued on June 6, 1986. The court again noted that the record was silent as to whether service of this second warrant was attempted. McKenna appeared in the Holt County Court on October 28, 1986, with her counsel and explained to the court that she could not afford to travel from Lincoln and thus could not appear. She admitted that she had not contacted the court and did not have an excuse for her inaction.

Before the Supreme Court, McKenna argued that she should have been considered as " 'available' " for trial because any

defects in the proceedings were "the sole result of the failure of the State to serve the bench warrant in a timely fashion." 228 Neb. at 36, 421 N.W.2d at 24. We consider this argument to be the equivalent of Borland's argument that the 113 days between his failure to appear and the issuance of the bench warrant should not be excluded because of the failure of the trial court to immediately issue a bench warrant. In *McKenna*, the Supreme Court found that the defendant's failure to appear for her scheduled trial on December 2, 1985, was clearly "inaction," making her unavailable or absent under § 29-1207(4)(d). The court in *McKenna* then held:

> It should be noted that in both *State v. Beck*, 212 Neb. 701, 325 N.W.2d 148 (1982), and *State v. Bennett*[, 219 Neb. 601, 365 N.W.2d 423 (1985)], the defendants were eventually brought into court pursuant to warrants for their arrest. The period of time between Beck's failure to appear and the successful execution of the warrant was over 8 months. While the opinion in *Beck* does not note whether a second bench warrant was issued after the initial 6-month period, it would appear that the situation in that case is similar to the fact pattern here. That same pattern is repeated in *Bennett*, where the period of time between his failure to appear and his arrest was 6 months. In neither of these cases did the court construe any delay in executing the warrant as bearing on the issue of whether the State violated the defendant's right to a speedy trial. Rather, as may be inferred from *State v. Craig*, 219 Neb. 70, 361 N.W.2d 206 (1985), *it would appear that the defendant had an affirmative duty to contact the court to reschedule the trial date.*

(Emphasis supplied.) 228 Neb. at 36, 421 N.W.2d at 24. If the failure to serve an issued warrant on an absent defendant does not inure to the defendant's benefit in a speedy trial calculation, then logic dictates that neither would a failure to immediately issue a warrant for a nonappearing defendant. Borland cannot shift the consequences of his failure to appear to the State by arguing that the State's response was not prompt or heavy-handed enough. Borland's argument that the time during which he was absent but "unarrested" on the warrant is

excluded because the State did not drag him back to court lacks logical coherence.

In our view, Borland also had a duty to contact the trial court to reschedule his proceedings once he failed to appear on December 17. Admittedly, he testified to taking some action, by contacting the sheriff and the police. However, that action is insufficient because he did not contact the court, whose order he had disobeyed by failing to appear, and reschedule his appearance. Thus, there is inaction in this case, in the same sense that there was in *McKenna*.

As was said in *McKenna*, "[W]hen a defendant is aware of the scheduled trial date and fails to appear on that date, the Nebraska speedy trial statute is tolled until such time as the defendant either willingly or unwillingly appears again in court." 228 Neb. at 35, 421 N.W.2d at 24. Borland's visit to the sheriff's office and the Lincoln Police Department is not an appearance in court, and after he failed to appear in court on December 17, 1992, Borland did not appear in Lancaster County District Court until April 19, 1994. Therefore, this time period of 16 months 1 day is chargeable to Borland and excludable in the speedy trial calculation.

The speedy trial calculation at this point is October 9, 1992, to April 9, 1993, under *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991), plus the 16 months 1 day discussed above, which makes the final permissible trial date August 10, 1994. Since Borland was not tried until September 12, 1994, we must now address his claim that the time period during which his motion to dismiss on speedy trial grounds was pending is excludable. This is the 75 days from the filing of the motion on June 3 to its overruling on August 16, 1994. If that time period is excludable, then the final date by which Borland had to be tried was October 23, 1994, and there is no speedy trial problem here.

Borland cites no authority for the proposition that the timeframe during which the trial court has a motion to dismiss or discharge on speedy trial grounds under submission is an automatically excludable period, and our research reveals that the law is otherwise. Section 29-1207(4)(a) excludes the delay consequent to the time from filing until final disposition "of

pretrial motions of the defendant." The statute includes a list of such pretrial motions, including motions to quash, demurrers, and pleas in abatement, but we do not read the list as being all-inclusive.

In *State v. Ebert*, 235 Neb. 330, 335, 455 N.W.2d 165, 169 (1990), the Supreme Court performed a speedy trial calculation and said: "Excluding the 68-day continuance occasioned by the defendant's own motion for discharge, the defendant was tried within 180 days of his request [that the case be reset for arraignment]." A defendant must accept delay as a consequence of making pretrial motions, where the delay is not inordinate or unreasonable. *State v. Wilcox*, 224 Neb. 138, 395 N.W.2d 772 (1986). Judicial delay, absent a showing of good cause, does not suspend a defendant's right to a speedy trial. *Id.* See, also, *State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604 (1972).

Here there is no claim that the time during which the matter was under submission was an inordinate amount of time for such a motion. *State v. Ebert, supra*, allowed a 68-day interval, and the 75 days here from the filing of the motion to its resolution equates quite precisely with *Ebert*. Thus, the time between submission of the motion and when it was decided is excludable, making the final permissible trial date well after September 12, 1994.

Borland's claim that his conviction must be reversed on speedy trial grounds is without merit.

AFFIRMED.