STATE OF NEBRASKA, APPELLEE, V.
DANIEL J. RHOADS, APPELLANT.
660 N.W.2d 181

Filed April 22, 2003.   No. A-02-452.

Thomas C. Riley, Douglas County Public Defender, and Brenda J. Leuck for appellant.

Don Stenberg, Attorney General, and Mark D. Raffety for appellee.

IRWIN, Chief Judge, and SIEVERS and INBODY, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Daniel J. Rhoads appeals from the Douglas County District Court's order overruling his motion to discharge. Rhoads' motion to discharge was made on statutory grounds only. Because we find that Rhoads' statutory right to a speedy trial was violated, we reverse, and remand with directions to dismiss the charges against Rhoads.

## II. BACKGROUND

On August 14, 2001, the State filed an information against Rhoads. The State contends that Rhoads filed a motion for discovery on August 17. We do not have Rhoads' motion for discovery in the record before us. According to a journal entry, on August 24, the court ordered mutual and reciprocal discovery. This journal entry is not signed or file stamped.

A pretrial hearing was scheduled for November 15, 2001. Rhoads did not appear at this hearing. The court issued a capias the same day. Rhoads was arrested on November 26 and appeared for a bond review hearing on December 3. Another pretrial hearing was scheduled for February 21, 2002. Rhoads did not appear at this hearing either. The court issued a capias the same day, and Rhoads was arrested on March 6. Rhoads appeared for a bond review hearing on March 11. At that bond review hearing, the parties also set trial for April 8. It is important to note that the facts regarding Rhoads' failure to appear are in the record before us only in the form of argument by the attorneys at the hearing on the motion to discharge. Given the result in this case, it is inconsequential that these failures in the record exist.

Rhoads filed a motion to discharge on April 3, 2002. A hearing was held on the motion to discharge on April 8. At the hearing, the court took "judicial notice of not only the docket sheet but of the court file." We cannot tell from the court's statement which items were judicially noticed. Nor do we have any of the items the court judicially noticed in the record before us. The

State did offer as exhibits Rhoads' arrest records, which were generated from when he did not appear at the pretrial hearings.

The court found that Rhoads' motion to discharge should be overruled. The court did not specifically find that the time for filing the discovery motion, from August 17 to 24, 2001, should be excluded from the speedy trial calculation. The court did find that the time when Rhoads failed to appear should be excluded from the speedy trial calculation. The court then found that the "delays in the case preponderate greatly in favor of the defendant that he's the one that caused these delays." The court stated that the April 8, 2002, trial date "was set at the first available date and for good cause." The court entered an order on April 9 overruling Rhoads' motion to discharge. This timely appeal followed.

### III. ASSIGNMENT OF ERROR

Rhoads' only assignment of error is that the district court erred in overruling his motion to discharge.

### IV. ANALYSIS

#### 1. STANDARD OF REVIEW

■ Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000); *State v. Hutton*, 11 Neb. App. 286, 648 N.W.2d 322 (2002). To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *State v. Tucker, supra.*

#### 2. STATUTORY RIGHT TO SPEEDY TRIAL

■ Neb. Rev. Stat. § 29-1207 (Reissue 1995) requires discharge of a defendant whose case has not been tried within 6 months after the filing of the information. Section 29-1207(4) provides a variety of time periods which are excluded when computing whether the 6-month period has expired. The State has the burden of proving that one or more of the excluded periods of time under § 29-1207(4) are applicable if the defendant is not tried within 6 months of the filing of the information in a

criminal action. See *State v. French*, 262 Neb. 664, 633 N.W.2d 908 (2001).

■ The final trial date under § 29-1207 is determined by excluding the date the information was filed, counting forward 6 months, and then backing up 1 day. See *State v. Herngren*, 8 Neb. App. 207, 590 N.W.2d 871 (1999). As noted, the information was filed against Rhoads on August 14, 2001. Therefore, without any excludable periods, Rhoads should have been brought to trial by February 14, 2002. As indicated above, Rhoads' trial was scheduled for April 8. In order for us to determine whether the trial court properly denied Rhoads' motion to discharge, we must determine whether there is sufficient excludable time to justify setting Rhoads' trial date as April 8.

### (a) Rhoads' Failure to Appear

We first address whether the trial court erred in excluding the time when Rhoads failed to appear in court. As mentioned above, Rhoads failed to appear in court on two separate occasions. Rhoads does not contend on appeal that that time should not be excluded, but contends that the court did not properly calculate the number of days excluded. Rhoads sets forth one argument regarding how the number of days should be calculated, and the State sets forth a different argument. We will deal with each argument in turn.

### (i) Time From Capias Issued Until Arrest

Rhoads contends that only the time from when each of the two capiases were issued until he was arrested should be excluded from the speedy trial calculation. The State contends that the time from when the two capiases were issued until Rhoads was brought into court should be excluded from the speedy trial calculation.

■ When a defendant is aware of the scheduled trial date and fails to appear on that date, the Nebraska speedy trial statute is tolled until such time as the defendant *either willingly or unwillingly appears again in court. State v. McKenna*, 228 Neb. 29, 421 N.W.2d 19 (1988); *State v. Borland*, 3 Neb. App. 758, 532 N.W.2d 338 (1995). See *State v. Meyer*, 7 Neb. App. 963, 588 N.W.2d 200 (1998). There is no dispute that Rhoads was aware of the trial date

but failed to appear. We determine that Rhoads' speedy trial calculation should have been tolled until he willingly or unwillingly appeared in court. This brings us to the State's argument regarding what it means for a defendant to willingly or unwillingly appear in court.

We note that Rhoads cites *State v. LeClair*, 2 NCA 279 (1993) (not approved for permanent publication), in support of his contention that the speedy trial time is tolled from the time the capias is issued until the defendant's arrest. We recognize that *LeClair* is inconsistent with *Meyer* and *Borland*. However, *LeClair* is an unpublished opinion which is not considered precedent and "may be cited only [if it] is related, by identity between the parties or the causes of action." See Neb. Ct. R. of Prac. 2E(4) (rev. 2000). We also note that *Meyer* and *Borland* are published opinions that have been decided since *LeClair* and "shall be followed as precedent." See Neb. Ct. R. of Prac. 2E(5).

### (ii) Appearance in Court

The State contends that the part of the rule which requires the speedy trial calculation to be tolled until such time as the defendant either willingly or unwillingly appears again in court does not include an appearance in court for a bond review hearing. In support of its argument, the State cites *State v. Hernandez*, 1 Neb. App. 830, 511 N.W.2d 535 (1993), and *State v. Kula*, 254 Neb. 962, 579 N.W.2d 541 (1998).

In *State v. Hernandez, supra*, the defendant wanted to appeal the trial court's determination that his bond should be forfeited. This court found that an order forfeiting a defendant's bond is appealable. It is in this context that this court stated that "forfeiture of bail and matters regarding the same are independent of and collateral to the original criminal action." *Id.* at 833, 511 N.W.2d at 538.

In *State v. Kula, supra*, the defendant contended that the trial court erred when it denied his motion to reduce his bond. The Nebraska Supreme Court found that the denial of a request to reduce bond was not a final order. The court stated that the "appropriate form of relief from denial of a motion to reduce bail claimed to be excessive is by habeas corpus." *Id.* at 975, 579

N.W.2d at 550. From these cases, the State concludes that "bond reviews are separate matters from the criminal case itself and therefore do not count as a court appearance directly related to that case." Brief for appellee at 5.

After reviewing *Hernandez* and *Kula*, we are not persuaded that they stand for the conclusion the State sets forth, i.e., that a defendant willingly or unwillingly appearing again in court does not include an appearance in court for a bond review hearing. The facts of *Hernandez* and *Kula* are distinguishable from the facts of this case. We are not discussing whether a bond review hearing is a final, appealable order. Nor are we discussing what the proper remedy is for contesting a court's decision to deny a reduction in the defendant's bond. We are determining whether a bond review hearing is considered an *appearance in court.* Neither *Meyer* nor *Borland* states what the defendant's appearance in court must be for, but only that the defendant appear in court willingly or unwillingly.

In the present case, Rhoads appeared in court on two separate occasions for bond review hearings. These bond review hearings were necessary because Rhoads failed to appear in court for the two pretrial hearings. We find that the speedy trial calculation should have been tolled until Rhoads willingly or unwillingly appeared in court. The first hearing that Rhoads failed to appear at was scheduled for November 15, 2001. A capias was issued that day, and Rhoads appeared in court for a bond review hearing on December 3. Therefore, the speedy trial calculation should be tolled from November 15 until December 3, for a total of 18 days. The second hearing that Rhoads failed to appear at was scheduled for February 21, 2002. A capias was issued that day, and Rhoads appeared in court for a bond review hearing on March 11. We also note that at this bond review hearing, Rhoads' trial was set for April 8. As such, the speedy trial calculation should be tolled from February 21 to March 11, for a total of 18 days. If we add these two times together, we have 36 excludable days.

### (b) Good Cause

Rhoads contends that there was no evidence adduced by the State to prove that his trial had to be set on April 8, 2002, for good cause. The State argued to the court at the hearing on the

motion to discharge that it was "given the first available jury trial date." The State therefore argues that the court should find the delay in not bringing Rhoads to trial until April 8 was for good cause. The district court found that the "trial date was set at the first available date and for good cause."

■ As mentioned above, the State must prove by a preponderance of the evidence the existence of a period of time which is authorized by § 29-1207(4) to be excluded in computing the time for commencement of the defendant's trial. *State v. Baird*, 259 Neb. 245, 609 N.W.2d 349 (2000). As such, it is the State's burden to establish that facts showing good cause under § 29-1207(4)(f) existed to delay Rhoads' trial beyond the 6-month time period.

A trial judge's comments indicating that April 8, 2002, was the first available trial date were not evidence. See *State v. Baird, supra*. A judge may not assume the role of a witness. Neb. Rev. Stat. § 27-605 (Reissue 1995) provides: "The judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve the point." This prohibition applies not only to formal testimony, but also to whenever the judge assumes the role of a witness. *State v. Baird, supra*. In other words, it is not sufficient for a trial judge to find good cause without the State producing some evidence to support the trial judge's findings.

In this case, the State did not present any evidence to support a finding of good cause. The State presented only argument at the hearing on the motion to discharge. The State did not offer any evidence or sworn testimony proving *why* Rhoads' trial could not be held until April 8, 2002. The State could have introduced evidence through the clerk of the district court as to the district court's schedule and the ability to impanel a jury for trial. The State could have introduced affidavits as to the condition of the district court's docket. We note that in *State v. Baird, supra*, the Nebraska Supreme Court made similar suggestions regarding what the State could have done to provide an adequate record as to what was good cause under § 29-1207(4)(f).

The district court's order found that the State proved there was good cause for setting Rhoads' trial for April 8, 2002. Again, the State presented no evidence to support this finding. The district

court did not have any evidence on which to base its decision. There is nothing for this court to review, because the State failed to make any record regarding whether good cause had been shown. See *State v. Baird, supra* (State failed to produce any evidence showing good cause because record contained only facts presented by trial judge).

### (c) Application of Speedy Trial Calculation

To summarize the findings made above, we set out the excluded time in the following chart:

| | | |
|---|---|---|
| November 15 to December 3, 2001 | = | 18 excluded days |
| February 21 to March 11, 2002 | = | 18 excluded days |
| Total | = | 36 excluded days |

Thus, if we count forward 36 days from February 14, 2002, the last day Rhoads should have been brought to trial without any excludable time, Rhoads' trial should have been held by March 22. The district court found that any remaining time period should be excluded from the speedy trial calculation under § 29-1207(4)(f) for good cause. But we find that the State did not prove there was good cause to schedule Rhoads' trial date on April 8.

We note that there are additional days that could be excluded from the speedy trial calculation because of a discovery motion apparently filed by Rhoads on August 17, 2001, and disposed of by the court on August 24. However, even if we exclude these 7 days from the speedy trial calculation, Rhoads still should have been brought to trial by March 29, 2002. See *State v. Baker*, 264 Neb. 867, 652 N.W.2d 612 (2002) (day of filing defendant's pretrial motion is *not* included in speedy trial calculation).

Rhoads' trial was set for April 8, 2002. The State failed to show that the delay in bringing Rhoads to trial came within one of the exclusions under § 29-1207. Thus, Rhoads is entitled to an absolute discharge.

### V. CONCLUSION

The district court erred when it denied Rhoads' motion to discharge. We reverse the district court's order and remand the matter with directions to enter an order of discharge in this case.

REVERSED AND REMANDED WITH DIRECTIONS.